# EXHIBIT A

## CA15-0736 - CONLON, EDWARD P vs. U.S. BANK NATIONAL ASSOCIATION, C/O MR. JAN ESTEP

### SUMMARY

| | | |
|---|---|---|
| Judge: MALTZ, HOWARD M. | Case Type: Other Civil | Status: OPEN |
| Case Number: CA15-0736 | Uniform Case Number: 552015CA000736A000XX | |
| Clerk File Date: 7/2/2015 | Status Date: 7/2/2015 | |
| SAO Case Number: | Total Fees Due: 0.00 | |
| Agency: | Agency Report #: | Custody Location: |

### PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | CONLON, EDWARD P | STORY, MAX (Ma |
| DEFENDANT | U.S. BANK NATIONAL ASSOCIATION, C/O MR. JAN ESTEP | KNOX, STEVEN D |
| DEFENDANT | U.S. BANK NATIONAL ASSOCIATION, C/O MR. JAN ESTEP | MCDONOUGH, J |
| DEFENDANT | FIVE BROTHERS MORTGAGE CO SERVICES AND SECURING IN | FRANSON, ALBER |
| DEFENDANT | FIVE BROTHERS MORTGAGE CO SERVICES AND SECURING IN | BROWN, CURTIS |

### EVENTS

| DATE | EVENT | JUDGE | LO |
|---|---|---|---|
| 2/10/2016 2:45 PM | HEARING (CIVIL) | MALTZ, HOWARD M. | Cha |
| 2/10/2016 2:30 PM | HEARING (CIVIL) | MALTZ, HOWARD M. | Cha |
| 11/23/2015 10:45 AM | HEARING (CIVIL) | MALTZ, HOWARD M. | Cha |

### CASE HISTORY

| CASE NUMBER | CHARGE DESCRIPTION | CASE STATUS | DISPOSITION | OUTSTANDING A |
|---|---|---|---|---|
| | | No Additional Cases | | |

### CASE DOCKETS

| IMAGE | DIN | DATE | ENTRY |
|---|---|---|---|
| Request | 42 | 3/14/2016 | FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.'S NOTICE OF JOINDER IN RESPOND TO THE AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| Request | 41 | 3/11/2016 | DEFENDANT, U.S. BANK, N.A.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE AMENDI |
| Request | 40 | 3/4/2016 | NOTICE OF FILING EXHIBIT A TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| Request | 39 | 3/4/2016 | AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| Request | 38 | 1/14/2016 | FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC. CROSS NOTICE OF HEARII |
| 2 | 37 | 1/12/2016 | NOTICE OF SERVICE - FIRST INTERROGATORIES TO PLAINTIFF |
| 5 | 36 | 1/12/2016 | DEFENDANT, FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.'S FIRST REC |
| 2 | 35 | 1/11/2016 | NOTICE OF SERVICE OF OFFER OF JUDGMENT / PROPOSAL FOR SETTLEMENT |
| Request | 34 | 11/25/2015 | FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.'S NOTICE OF JOINDER IN |

| IMAGE | DIN | DATE | ENTRY |
|---|---|---|---|
| Request | 33 | 11/24/2015 | NOTICE OF HEARING - FEBRUARY 10, 2016 @ 2:30 P.M. |
| Request | 32 | 11/20/2015 | NOTICE OF WITHDRAWAL OF MOTION TO DISMISS |
| 2 | 30 | 11/20/2015 | NOTICE OF CANCELLATION OF HEARING |
| Request | 31 | 11/19/2015 | FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.'S AMENDED MOTION TO E |
| | 29 | 11/19/2015 | ATTORNEY: BROWN, CURTIS LEE ASSIGNED TO FIVE BROTHERS MORTGAGE CO SERVICES AND S |
| 2 | 28 | 11/18/2015 | NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES |
| 8 | 27 | 9/10/2015 | U.S. BANK, N.A.'S MOTION TO DISMISS |
| 2 | 26 | 8/31/2015 | NOTICE OF HEARING - NOVEMBER 23, 2015 @ 10:45 A.M. |
| 2 | 25 | 8/10/2015 | MOTION TO DISMISS COUNT IV OF THE COMPLAINT |
| 5 | 24 | 8/10/2015 | ANSWER TO COMPLAINT |
| 2 | 23 | 7/29/2015 | DEFENDANT, U,S,BANK, N.A.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLA |
| | 22 | 7/27/2015 | ATTORNEY: FRANSON, ALBERT TODD ASSIGNED TO FIVE BROTHERS MORTGAGE CO SERVICES A |
| 2 | 21 | 7/24/2015 | NOTICE OF APPEARANCE AND ELECTRONIC DESIGNATION \ FIVE BROTHERS MORTGAGE COMPAI |
| Request | 20 | 7/23/2015 | CORPORATE SUMMONS STATUS SET TO RETURNED SERVED ON 07/09/2015 ON US BANK TO LIS/ |
| | 19 | 7/23/2015 | ATTORNEY: MCDONOUGH, J KIRBY ASSIGNED TO U.S. BANK NATIONAL ASSOCIATION, C/O MR. |
| | 18 | 7/23/2015 | ATTORNEY: KNOX, STEVEN DOUGLAS ASSIGNED TO U.S. BANK NATIONAL ASSOCIATION, C/O MI |
| Request | 17 | 7/22/2015 | NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES |
| 1 | 16 | 7/13/2015 | CORPORATE SUMMONS STATUS SET TO RETURNED SERVED ON 07/09/2015 - FIVE BROTHERS M( |
| Request | 15 | 7/6/2015 | PAYMENT $420.00 RECEIPT #2015025181 |
| | 14 | 7/2/2015 | CA/DR SUMMONS ASSESSED $10.00 |
| | 13 | 7/2/2015 | CA/DR SUMMONS ASSESSED $10.00 |
| | 12 | 7/2/2015 | OTHER CIVIL ASSESSED $400.00 |
| 1 | 11 | 7/2/2015 | CORPORATE SUMMONS STATUS SET TO SUMMONS ISSUED ON 07/02/2015 - FIVE BROTHERS MO! CORPORATION SERVICE COMPANY |
| 1 | 9 | 7/2/2015 | CORPORATE SUMMONS STATUS SET TO SUMMONS ISSUED ON 07/02/2015 - BANK NATIONAL AS! |
| | 3 | 7/2/2015 | ATTORNEY: STORY, MAX ASSIGNED TO CONLON, EDWARD P |
| | 2 | 7/2/2015 | JUDGE MALTZ, HOWARD M.: ASSIGNED |
| | 1 | 7/2/2015 | CASE FILED 07/02/2015 CASE NUMBER CA15-0736 |
| 2 | 8 | 7/1/2015 | CIVIL COVER SHEET |
| 2 | 4 | 7/1/2015 | CIVIL COVER SHEET |
| 10 | 5 | 7/1/2015 | COMPLAINT AND DEMAND FOR JURY TRIAL |

Filing # 29192543 E-Filed 07/01/2015 05:24:55 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I.    **CASE STYLE**

IN THE CIRCUIT COURT OF THE SEVENTH   JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS   COUNTY, FLORIDA

Case No.:_____
Judge: _____

Edward P Conlon
Plaintiff
        vs.
U.S. Bank National Association, c/o Mr. Jan Estep, Five Brothers Mortgage Co Services and Securing In
Defendant

II.    **TYPE OF CASE**

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
    ☒   Monetary;
    ☒   Non-monetary
    ☒   Non-monetary declaratory or injunctive relief;
    ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

    <u>4</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐   Yes
    ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒   No
    ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒   Yes
    ☐   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Max Story</u>   FL Bar No.: <u>527238</u>
    Attorney or party                           (Bar number, if attorney)

    <u>Max Story</u>    <u>07/01/2015</u>
    (Type or print name)                           Date

Filing # 29192543 E-Filed 07/01/2015 05:24:55 PM

**Form 1.997 Civil Cover Sheet**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

I. CASE TYPE

IN THE CIRCUIT COURT OF THE ~~FOURTH~~ 7th JUDICIAL CIRCUIT
IN AND FOR ~~DUVAL~~ St. Johns COUNTY, FLORIDA

EDWARD PAUL CONLON
_____
Plaintiff

Case No: CA15-736

vs.

Judge: 55

U.S.BANK, N.A., and FIVE BROTHERS W
_____
Defendant

II.  TYPE OF CASE. (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- [ ] Condominium
- [x] Contracts and indebtedness
- [ ] Eminent domain
- [ ] Auto negligence
- [ ] Negligence - other
  - [ ] Business governance
  - [ ] Business torts
  - [ ] Environmental / Toxic tort
  - [ ] Third party indemnification
  - [ ] Construction defect
  - [ ] Mass tort
  - [ ] Negligent security
  - [ ] Nursing home negligence
  - [ ] Premises liability - commercial
  - [ ] Premises liability - residential
  - [x] Negdq
- [ ] Products liability
- [ ] Real property / Mortgage foreclosure
  - [ ] Commercial foreclosure $0 - $50,000
  - [ ] Commercial foreclosure $50,001 - $249,999
  - [ ] Commercial foreclosure $250,000 or more
  - [ ] Homestead residential foreclosure $0 - $50,000
  - [ ] Homestead residential foreclosure $50,001 - $249,999
  - [ ] Homestead residential foreclosure $250,000 or more
  - [ ] Nonhomestead residential foreclosure $0 - $50,000

- [ ] Nonhomestead residential foreclosure $50,001 - $249,999
- [ ] Nonhomestead residential foreclosure $250,000 or more
- [ ] Other real property actions $0 - $50,000
- [ ] Other real property actions $50,001 - $249,999
- [ ] Other real property actions $250,000 or more
- [ ] Professional malpractice
  - [ ] Malpractice - business
  - [ ] Malpractice - medical
  - [ ] Malpractice - other professional
- [ ] Other
  - [ ] Antitrust / Trade regulation
  - [ ] Business transactions
  - [ ] Constitutional challenge - statute or ordinance
  - [ ] Constitutional challenge - proposed amendment
  - [ ] Corporate trusts
  - [ ] Discrimination - employment or other
  - [ ] Insurance claims
  - [ ] Intellectual property
  - [ ] Libel / Slander
  - [ ] Shareholder derivative action
  - [ ] Securities litigation
  - [x] Negdq
  - [ ] Trade secrets
  - [ ] Trust litigation

III. REMEDIES SOUGHT. (Check all that apply.)
     ☒ Monetary
     ☒ Non-monetary declaratory or injunctive relief
     ☐ Punitive

IV. NUMBER OF CAUSES OF ACTION: [  ]
     (Specify) 4

V. IS THIS CASE A CLASS ACTION LAWSUIT?
     ☐ Yes
     ☒ No

VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
     ☐ Yes (If "yes," list all related cases by name, case number, and court.)
     ☐ No

VII. IS JURY TRIAL DEMANDED IN COMPLAINT?
     ☒ Yes
     ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature: _Max Story (JB)_      FL Bar No: 0527238
        Attorney or party                    (Bar number, if attorney)

MAX STORY, ESQUIRE           July 2, 2015
(Type or print name)                    Date

Filing # 29192543 E-Filed 07/01/2015 05:24:55 PM

JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO: CA15-736
DIVISION: 55

EDWARD PAUL CONLON,

     Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION and
FIVE BROTHERS MORTGAGE COMPANY
SERVICES AND SECURING, INC.,

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons, a copy of the complaint or petition, interrogatories, and request for production in this action on defendant:

     FIVE BROTHERS MORTGAGE COMPANY
     SERVICES AND SECURING, INC.
     c/o Corporation Service Company
     1201 Hays Street
     Tallahassee, FL  32301

     Each defendant is required to serve written defenses to the complaint on Plaintiff's attorney, whose name and address is:

     MAX STORY, ESQ.
     328 2ND AVENUE NORTH
     JACKSONVILLE BEACH, FLORIDA 32250
     Telephone (904) 372-4109

within 20 days after service of this summons on that defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service on plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

JUL - 2 2015
WITNESS my hand and the seal of this Court on _____.

     Cheryl Strickland, Clerk of Court
     As Clerk of the Court

     By: Jamie L Black
     Deputy Clerk

AMERICANS WITH DISABILITIES ACT (ADA) NOTICE:
INDIVIDUALS NEEDING A REASONABLE ACCOMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE COURT
ADMINISTRATOR'S OFFICE AS SOON AS POSSIBLE. TELEPHONE (904) 630-2564;
OR, IF HEARING IMPAIRED, 1-800-955-8771 (TTD); OR 1-800-955-8770 (V), VIA FLORIDA RELAY SERVICE

Filing # 29566650 E-Filed 07/13/2015 02:16:08 PM

---

| RETURN OF SERVICE |
| --- |

PERSON TO BE SERVED:                                    RECEIPT NUMBER: 0003210-15

    CORPORATION SERVICE COMPANY
    FIVE BROTHERS MTG CO SERVICES & SECURING INC
    1201 HAYS STREET
    TALLAHASSEE, FL

---

PLAINTIFF: EDWARD PAUL CONLON
DEFENDANT: US BANK NATIONAL ASSOC & FIVE BROTHERS MTG CO SERVICES & SECURING INC
TYPE WRIT: SUMMONS,COMPLAINT,DEMAND FOR JURY TRAIL

    COURT: ST JOHNS                    COURT DATE:
    CASE #: CA15736                     COURT TIME:

---

Received the above-named writ on July 9, 2015, at 8:24 AM and
SERVED / NONSERVED the same on the _____ day of July ,
20 15 , at 1:25 AM / PM , in LEON County, Florida, as follows:

    GOVERNMENTAL AGENCY / OFFICIAL / ASSOCIATION / CORPORATION
    By delivering a true copy of this writ together with a copy of the
    initial pleadings, if any, with the date and hour of service endorsed

    thereon by me to  TINA TODD, FL SEC., CORP SERVICE CO

    as  REGISTERED AGENT  of the within named Defendant

    to-wit:  FIVE BROTHERS MTG CO SERVICES & SECURING INC

    NOT FOUND
    By returning said writ unserved for the reason that after due
    diligence to locate, the named person to-wit:
    could not be found in LEON County, Florida.

---

SERVICE COST: $40.00                         MIKE WOOD, SHERIFF
RM, CIVIL CLERK                              LEON COUNTY, FLORIDA

MAIL TO:                                     BY: _____

    MAX STORY                                [ ]DEPUTY SHERIFF  [ ]PROCESS SERVER
    328 2ND AVEUE NORTH
    JACKSONVILLE BEACH, FL 32250                          TRACI BAKER
                                             _____
                                                    Print Name

IN THE CIRCUIT COURT SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.:  CA15-00736
DIVISION:  55

EDWARD PAUL CONLON,

      Plaintiff,

vs.

U.S. BANK, N.A. and,
FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, EDWARD PAUL CONLON, by and through undersigned

counsel, and files this Complaint against U.S. BANK, N.A.,  (hereafter known as "Bank" and

FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.

(hereinafter known as "Five Brothers") and alleges:

### JURISDICTION

1.      This is an action for damages that exceed fifteen thousand dollars ($15,000.00),

exclusive of attorney's fees and costs.

2.      Jurisdiction and venue for purposes of this action are proper pursuant to Fla. Stat.

§559.77.

3.      At all material times herein, Defendants' conduct complained of occurred in St.

Johns County, Florida.

4.      At all material times herein, the Defendants engaged in their usual and customary

1

business within Florida and St. Johns County, Florida.

5.      This action arises out of repeated violations of the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from the Plaintiff.

**PARTIES**

6.      Plaintiff is a natural person who resides in St. Johns County, Florida and is a "consumer" and "debtor" as that term is defined by Florida Statute Section 559.55(8).

7.      Defendant U.S. Bank is a bank conducting business in St. Johns County, Florida and "creditor" as that term is defined by Section 559.55(5).

8.      Defendant Five Brothers is a corporation headquartered in Michigan and conducting business in St. Johns County, Florida and is a "debt collector" as that term is defined by Section 559.55(7).

**FACTS COMMON TO ALL COUNTS**

9.      Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by in Section 559.55(6), Fla. Stat., namely, a home mortgage for 120 Crooked Trail, St. Augustine, Florida 32086.

10.     On October 15, 2009, U.S. Bank brought a mortgage foreclosure and collection action against Plaintiff to foreclose on the property at 120 Crooked Tree Trail, St. Augustine, Florida 32086.

11.     After four years of wasteful, protracted litigation and an utter failure of U.S. Bank to advance its case in any meaningful way, a Notice of Lack of Prosecution was filed in the

foreclosure action on October 23, 2013, and an Order to Show Cause hearing was scheduled for January 6, 2014.  An Order on the Show Cause Hearing was entered on January 14, 2014, which found that U.S. Bank failed to make meaningful progress to advance this case on the docket and as a result the matter was scheduled to be dismissed on February 21, 2014.

12.     On February 21, 2014, a Final Order of Dismissal with Prejudice was entered by Judge Clyde Wolfe as to the foreclosure case, CA09-3407.  The Order further stated that "This is a final and appealable final order."  U.S. Bank did not file an appeal.

13.     Just a week after the foreclosure was dismissed, on February 28, 2014, Plaintiff was notified that there was a moving truck parked at his home and that individuals were removing everything from his home.

14.     The panicked Plaintiff arrived at his home to find unknown parties removing all the contents of his home.

15.     Upon the direction and authority of Defendant Bank, Defendant Five Brothers unlawfully entered the Plaintiff's home, changed the locks and disposed of all of the Plaintiff's possessions.

16.     The St. Johns County Sheriff's Office was dispatched to the scene and were informed that Defendant Bank had engaged Defendant Five Brothers and dispatched them to the Plaintiff's home to empty the house of personal property and change the locks.

17.     The contents of the Plaintiff's home have never been recovered.  The Plaintiff has suffered the loss of an entire houseful of his life's belongings.  Many of the items were irreplaceable and of immense emotional value such as Plaintiff's military medals which he earned through service to his country and original family photo albums of his children.

3

18.     Five Brother's actions were taken in an attempt to enforce a security interest and collect a debt in and for Plaintiff's home for U.S. Bank.

19.     As a result of the Defendant Five Brothers and Defendant Bank violations of the Florida Consumer Collection Practices Act, Plaintiff lost all of his possessions, some of which were priceless, and in addition, has incurred expenses for legal representation.

20.     The Defendant Five Brothers nor Defendant Bank did not have any legal authority to remove and dispose of Plaintiff's property. Only a week before, Defendant's foreclosure case had been dismissed with prejudice. After Plaintiff's recent and vigorous defense of the foreclosure action, Defendant Bank could not reasonably have assumed the property was abandoned.

21.     As recently as June 2015, the Defendant Bank has persisted in communicating directly with the Plaintiff via telephone to collect a debt despite being on actual notice that he was represented by counsel.

**COUNT I: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO DEFENDANT U.S. BANK**

22.     Plaintiff re-alleges paragraphs six (6) through twenty-one (21) above as if fully set forth herein, and further states:

23.     This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §559.55 to §559.785).

24.     After breaking into Plaintiff's home and changing the locks, removing and disposing all of the contents of the Plaintiff's home, and directly communicating with the Plaintiff despite being represented by an attorney, the Defendant is, was subject to, and has

4

violated provisions of Fla. Stat. §559.72:

    a) ""… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7).

    b) "…assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. §559.72(9).

    c) "Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address" Fla. Stat. §559.72(18).

25.    Defendant's illegal and abusive collection actions as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain in his relationships, as well as with other family members.

26.    Plaintiff has suffered actual damages as a result of these illegal collection abuses by the Defendant in the form of loss and destruction of property, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

27.    As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

28.    Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Bank

- for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and

- for such other relief as this Court deems just and proper.

### COUNT II: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO DEFENDANT FIVE BROTHERS

29.     Plaintiff re-alleges paragraphs six (6) through twenty-one (21) above as if fully set forth herein, and further states:

30.     This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §559.55 to §559.785).

31.     Despite being on actual notice that it was not authorized to trespass and burglarize Plaintiff's home, Defendant Five Brothers ransacked and looted the property.

32.   To date, Defendant Five Brothers has never returned Defendant's belongings, provided or offered any explanation for its actions, or disclosed where the Plaintiff's property is located.

33.     After breaking into Plaintiff's home and changing the locks, removing and disposing all of the contents of the Plaintiff's home, and refusing to return the Plaintiff's property the Defendant is, was subject to, and has violated provisions of Fla. Stat. §559.72:

6

a) ""... willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7).

b) "...assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. §559.72(9).

34.     Defendant's illegal and abusive collection actions as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain in his relationships, as well as with other family members.

35.     Plaintiff has suffered actual damages as a result of these illegal collection abuses by the Defendant in the form of loss and destruction of property, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

36.     As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

37.     Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Five Brothers

- for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiff;

7

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and

- for such other relief as this Court deems just and proper.

## COUNT THREE:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO
## DEFENDANT U.S. BANK N.A.

Plaintiff re-alleges paragraphs six (6) through twenty-one (21) above as if fully set forth herein, and further states:

38.     Bank individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

39.     The outrageous conduct as set forth in paragraphs six (6) through twenty-one (21) herein, was directed at Plaintiff, by and through Bank's employees, agents, apparent agents or other persons acting to benefit and further the interest of Bank, in the course and scope of their employment or agency with Bank.

40.     As a direct and proximate result of the outrageous acts described in paragraphs six (6) through twenty-one (21) through, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish and inconvenience, and loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for statutory damages, actual damages, enjoinder from further violations, costs, interest, attorney fees and any other such relief as this Court deems just and equitable.

## COUNT FOUR:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AS TO FIVE BROTHERS

Plaintiff re-alleges paragraphs six (6) through twenty-one (21) above as if fully set forth herein, and further states:

41.     Defendant Five Brothers individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

42.     The outrageous conduct as set forth in paragraphs six (6) through twenty-one (21) herein, was directed at Plaintiff, by and through Five Brothers employees, agents, apparent agents or other persons acting to benefit and further the interest of Five Brothers, in the course and scope of their employment or agency with Five Brothers.

43.     As a direct and proximate result of the outrageous acts described in paragraphs six (6) through twenty-one (21) through, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish and inconvenience, and loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant Five Brothers for statutory damages, actual damages, enjoinder from further violations, costs, interest, attorney fees and any other such relief as this Court deems just and equitable.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**MAX HUNTER STORY, P.A.**

/s/ Max Story
Max Story, Esquire
Florida Bar No. 0527238
328 2ND Avenue North
Jacksonville Beach, Florida  32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
Attorney for Plaintiff

Filing # 29957129 E-Filed 07/22/2015 01:33:03 PM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA

EDWARD PAUL CONLON,

      Plaintiff,

                                  CASE NO.:  CA15-00736

v.

                                  DIVISION:  55

U.S. BANK, N.A. and FIVE BROTHERS
MORTGAGE COMPANY SERVICES
AND SECURING, INC.,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND
## DESIGNATION OF E-MAIL ADDRESSES

      S. Douglas Knox, J. Kirby McDonough, and the law firm of Quarles & Brady LLP, give

notice of their appearance as counsel for US Bank, N.A., Defendant, in this action.  Pursuant to

Rule 2.516 of the Florida Rules of Judicial Administration, S. Douglas Knox and J. Kirby

McDonough of Quarles & Brady LLP, give notice of the e-mail addresses to which service must

be made upon in this action:

      1.      douglas.knox@quarles.com

      2.      kirby.mcdonough@quarles.com

      3.      linda.block@quarles.com

      4.      christy.soberanis@quarles.com

      5.      nicole.marsade@quarles.com

      6.      docketfl@quarles.com

                                  QUARLES & BRADY LLP

                                    /s/ S. Douglas Knox_____
                                    S. Douglas Knox
                                    Florida Bar No.: 849871
                                    J. Kirby McDonough
                                    Florida Bar No.: 79031
                                    101 E. Kennedy Blvd., Ste. 3400

1

Tampa, FL  33602
Telephone: 813-387-0300
Facsimile: 813-387-1800
Douglas.knox@quarles.com
Kirby.mcdonough@quarles.com
docketfl@quarles.com
*Counsel for US Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Notice of Appearance and Designation of E-

Mail Addresses was filed on July 22, 2015, using the Court's Florida E-filing Portal system and

that a true and correct copy of the foregoing was served on the following parties:

Max Story, Esquire
328 2nd Avenue North
Jacksonville Beach, Florida  32250
*Counsel for Plaintiff*

/s/ S. Douglas Knox
Attorney

2

Filing # 30023827 E-Filed 07/23/2015 03:21:19 PM

| State of Florida | County of ST. JOHNS | CIRCUIT Court |
|---|---|---|

Case Number: CA15-00736

Plaintiff:
**EDWARD PAUL CONLON**
vs.
Defendant:
**US BANK NA AND FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.**

For: MAX HUNTER STORY, PA

Received by Greentree Legal on the 9th day of July, 2015 at 1:12 pm to be served on **US BANK, 425 WALNUT ST, CINCINNATI, OH 45202.** I, _Cheri Laface_, being duly sworn, depose and say that on the _9th_ day of _July_, 20_15_ at _4 : 00_ p.m., executed service by delivering a true copy of the **SUMMONS, COMPLAINT AND DEMAND FOR JURY TRIAL** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as

(✗) CORPORATE SERVICE: By serving _Lisa Bosken_ as _Authorized CSR_.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

Age _30_ Sex M(F) Race _W_ Height _5' 6"_ Weight _130_ Hair _Brown_ Glasses Y(N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _13_ day
of _July_ _2015_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

_Cheri Laface_

PROCESS SERVER # _N A_
Appointed in accordance with State Statutes

**Greentree Legal**
**10925 Reed Hartman Highway**
**Suite 300**
**Cincinnati, OH 45242**
**(513) 891-8600**

Our Job Serial Number: 2015001030
Ref: CA15-00736

PAULA ASHCRAFT
Notary Public
In and for the State of Ohio
My Commission Expires
February 19, 2020  © 1992-2013 Database Services. Inc. - Process Server's Toolbox V7.0r

Filing # 30084348 E-Filed 07/24/2015 04:29:41 PM

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.:    CA15-00736
DIVISION:    55

EDWARD PAUL CONLON,

       Plaintiff,

vs.

U.S. BANK, N.A., and
FIVE BROTHERS MORTGAGE COMPANY
SERVICES AND SECURING, INC.,

       Defendants.

_____/

## NOTICE OF APPEARANCE AND ELECTRONIC DESIGNATION

Please take notice that the undersigned is appearing as counsel for Defendant, FIVE

BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC., and copies of

pleadings, motions and other papers should be served on the undersigned.

The email designations for the counsel of record for Defendant are:

       Albert T. Franson, Esq. (afranson@fi-law.com) (Primary)

       April Tanner (paralegal) (atanner@fi-law.com) (Secondary)

DATED this 24th day of July, 2015.

       **FRANSON, ISELEY & RENDZIO, P.A.**

       By _____
       Albert T. Franson, Esq.
       Florida Bar No. 0137715
       1400 Prudential Dr., Suite 5
       Jacksonville, FL 32207
       Telephone: (904) 396-1800
       Facsimile: (904) 396-1804
       afranson@fi-law.com
       Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: **Max Story, Esq., (max@storylawgroup.com)**, Max Hunter Story, P.A., 328 2nd Avenue North, Jacksonville Beach, FL  32250, by electronic mail this __24__ day of July, 2015.

_____

Attorney

Filing # 30257705 E-Filed 07/29/2015 05:03:38 PM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA

EDWARD PAUL CONLON,

      Plaintiff,

                                  CASE NO.:  CA15-00736

v.

                                  DIVISION: 55

U.S. BANK, N.A. and FIVE BROTHERS
MORTGAGE COMPANY SERVICES
AND SECURING, INC.,

      Defendant.

_____/

## DEFENDANT, U.S. BANK, N.A.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, U.S. Bank, N.A. ("US Bank") by and through its undersigned counsel, submits this Motion for Extension of Time to Answer or Otherwise Respond to the Complaint and as grounds in support thereof states as follows:

1.     US Bank was served with the Summons and Complaint on July 9, 2015.  US Bank's response to the Complaint is currently due on or before July 29, 2015.

2.     US Bank and its counsel require additional time of twenty days, until August 18, 2015, to properly review the circumstances of the subject action prior to preparing an appropriate reply to Plaintiff's Complaint.

3.     US Bank respectfully requests this Court grant it an extension of time of twenty days,  to answer or otherwise respond to the Complaint, through and including August 18, 2015.

4.     This motion is filed in good faith and not for the purpose of harassment or delay.

WHEREFORE, Defendant, US Bank, N.A., respectfully requests that this Court grant its

Motion for Extension of Time to Answer or Otherwise Respond to the Complaint until August

18, 2015.

Respectfully submitted,

QUARLES & BRADY LLP

/s/ S. Douglas Knox
S. Douglas Knox
Florida Bar No.: 849871
J. Kirby McDonough
Florida Bar No.: 79031
101 E. Kennedy Blvd., Ste. 3400
Tampa, FL  33602
Telephone: 813-387-0300
Facsimile: 813-387-1800
Douglas.knox@quarles.com
Kirby.mcdonough@quarles.com
docketfl@quarles.com
*Counsel for US Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing motion for extension of time was filed on July

29, 2015, using the Court's Florida E-filing Portal system and that a true and correct copy of the

foregoing was served on the following parties:

Max Story, Esquire
328 2nd Avenue North
Jacksonville Beach, Florida  32250
*Counsel for Plaintiff*

Albert T. Franson, Esquire
FRANSON, ISELEY & RENDZIO, P.A.
1400 Prudential Dr., Ste. 5
Jacksonville, FL  32207
afranson@fi-law.com
*Counsel for Defendant Five Brothers*
*Mortgage Company Services and Securing,*
*Inc.*

/s/ S. Douglas Knox
Attorney

2

Filing # 30656993 E-Filed 08/10/2015 11:31:06 AM

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.:   CA15-00736
DIVISION:   55

EDWARD PAUL CONLON,

      Plaintiff,

vs.

U.S. BANK, N.A., and
FIVE BROTHERS MORTGAGE COMPANY
SERVICES AND SECURING, INC.,

      Defendants.

_____/

## MOTION TO DISMISS COUNT IV OF THE COMPLAINT

      Defendant, Five Brothers Mortgage Company Services and Securing, Inc., by and through

their undersigned counsel, moves to dismiss Count IV of Plaintiff's Complaint and in support

thereof states:

1.     Count IV of Plaintiff's Complaint purports to set forth a cause action for intentional

infliction of emotional distress.

2.     Count IV of Plaintiff's Complaint fails to state a cause of action by failing to allege any

conduct to support a claim for intentional infliction of emotional distress. See, e.g. Sylvester v. GE

Capital Retail Bank, 2012 U.S. Dist. LEXIS 114336, 2012 WL 3522691, (M.D. Fla. 2012)

("Florida courts use a very high standard in evaluating whether the facts alleged are sufficiently

outrageous, requiring that the conduct be 'beyond all possible bounds of decency, and to be

regarded as atrocious, and utterly intolerable in a civilized community.'").

WHEREFORE, Defendant moves this Court to dismiss Count IV of Plaintiff's Complaint and for such further and other relief as this Court deems just and proper.

DATED this 10th day of August, 2015.

FRANSON, ISELEY & RENDZIO, P.A.

By _____
Albert T. Franson, Esq.
Florida Bar No. 0137715
1400 Prudential Dr., Suite 5
Jacksonville, FL 32207
Telephone: (904) 396-1800
Facsimile: (904) 396-1804
afranson@fi-law.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: **Max Story, Esq., (max@storylawgroup.com)**, Max Hunter Story, P.A., 328 2nd Avenue North, Jacksonville Beach, FL  32250, by electronic mail this 10th day of August, 2015.

_____
Attorney

Filing # 30656993 E-Filed 08/10/2015 11:31:06 AM

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.:   CA15-00736
DIVISION:   55

EDWARD PAUL CONLON,

       Plaintiff,

vs.

U.S. BANK, N.A., and
FIVE BROTHERS MORTGAGE COMPANY
SERVICES AND SECURING, INC.,

       Defendants.

_____/

## MOTION TO DISMISS COUNT IV OF THE COMPLAINT

Defendant, Five Brothers Mortgage Company Services and Securing, Inc., by and through their undersigned counsel, moves to dismiss Count IV of Plaintiff's Complaint and in support thereof states:

1.    Count IV of Plaintiff's Complaint purports to set forth a cause action for intentional infliction of emotional distress.

2.    Count IV of Plaintiff's Complaint fails to state a cause of action by failing to allege any conduct to support a claim for intentional infliction of emotional distress. See, e.g. Sylvester v. GE Capital Retail Bank, 2012 U.S. Dist. LEXIS 114336, 2012 WL 3522691, (M.D. Fla. 2012) ("Florida courts use a very high standard in evaluating whether the facts alleged are sufficiently outrageous, requiring that the conduct be 'beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'").

WHEREFORE, Defendant moves this Court to dismiss Count IV of Plaintiff's Complaint and for such further and other relief as this Court deems just and proper.

DATED this 10th day of August, 2015.

FRANSON, ISELEY & RENDZIO, P.A.

By _____
Albert T. Franson, Esq.
Florida Bar No. 0137715
1400 Prudential Dr., Suite 5
Jacksonville, FL 32207
Telephone: (904) 396-1800
Facsimile: (904) 396-1804
afranson@fi-law.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: **Max Story, Esq., (max@storylawgroup.com)**, Max Hunter Story, P.A., 328 2nd Avenue North, Jacksonville Beach, FL 32250, by electronic mail this 10th day of August, 2015.

_____
Attorney

IN THE CIRCUIT COURT SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.:  CA15-00736
DIVISION:  55

EDWARD PAUL CONLON,

     Plaintiff,

vs.

U.S. BANK, N.A. and,
FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.,

     Defendant.

_____/

### NOTICE OF HEARING

     YOU ARE HEREBY NOTIFIED that the undersigned will call up for hearing on Defendant's *Motion To Dismiss Count IV Of The Complaint* at the following time and place:

**DATE:  Monday, Nov. 23rd, 2015**    **TIME:  10:45 a.m., for 30 minutes**

**JUDGE:  Howard Maltz**    **PLACE:  St. Johns County Courthouse, Room 344**

     Respectfully submitted,

     **MAX STORY, PA**

     /s/ Max Story, Esquire
     **MAX STORY, ESQUIRE**
     Florida Bar No. 0527238
     328 2nd Avenue North, Suite 100
     Jacksonville Beach, FL 32250
     Telephone (904) 372-4109
     max@storylawgroup.com
     Attorney for Plaintiff

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on August 31, 2015, I electronically filed the foregoing with

Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served

this day on all counsel either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronically Notice of Electronic Filing.

/s/ Max Story, Esquire
**MAX STORY, ESQ.**
Florida Bar No. 527238

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA**

**EDWARD PAUL CONLON,**

     **Plaintiff,**

**v.**

**U.S. BANK, N.A. and FIVE BROTHERS
MORTGAGE COMPANY SERVICES
AND SECURING, INC.,**

     **Defendant.**

_____/

**CASE NO.: CA15-00736**

**DIVISION: 55**

### U.S. BANK, N.A.'S MOTION TO DISMISS

Defendant, U.S. Bank, N.A. ("**US Bank**"), pursuant to Rule 1.140, Florida Rules of Civil Procedure, moves to dismiss Plaintiff, Edward Paul Conlon's ("**Plaintiff**") Complaint, and in support says:

### INTRODUCTION

Plaintiff brings this action for alleged violations of the Florida Consumer Collection Practices Act, Florida Statutes § 559.72, *et seq.* ("**FCCPA**"). In support, Plaintiff alleges that he has a home mortgage with US Bank. Compl. ¶ 9. Plaintiff alleges that US Bank initiated an action to foreclose its mortgage, but the action was dismissed on February 21, 2014. Comp. ¶¶ 10- 12. After the foreclosure action, Plaintiff alleges that US Bank directed co-defendant Five Brothers Mortgage Company Services and Securing, Inc. ("**Five Brothers**"), to enter Plaintiff's home, change the locks and dispose of all of the Plaintiff's possessions. Comp. ¶ 15. Additionally, Plaintiff alleges that in June 2015, US Bank communicated directly with the Plaintiff via telephone despite being on notice that he was represented by counsel. Comp. ¶ 21.

Lastly, Plaintiff alleges that US Bank's actions intentionally inflicted emotional distress. ¶ 38. As shown below, these allegations fail to support a claim for relief under the FCCPA.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, a trial court is limited to the four corners of the complaint, and must accept that the allegations contained within the complaint are true. *Peter F. Merkle, M.D., P.A. v. Health Options, Inc.*, 940 So. 2d 1190, 1194 (Fla. 4th DCA 2006). When reviewing a motion to dismiss, a court may not "speculate as to what the true facts may be or what facts will be ultimately proved in the trial of the cause." *Id.* (*quoting Thompson v. City of Jacksonville*, 130 So. 2d 105, 107 (Fla. 1st DCA 1961)). A court must accept the allegations set forth in the complaint as true and all inferences that reasonably can be drawn from those facts must be drawn in favor of the pleader. *Taylor v. City of Riviera Beach*, 801 So. 2d 259, 262 (Fla. 4th DCA 2001).

## ARGUMENT

### I.    Plaintiff Failed to State a Cause of Action Under the FCCPA

In Florida, consumer debt collection practices are regulated by both the FCCPA and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p (FDCPA)." *Hurtubise v. P.N.C. Bank, N.A.*, 512013AP000015APAXWS, 2015 WL 3948192 (Fla. Cir. Ct. 2015) *citing Read v. MFP, Inc.,* 85 So.3d 1151, 1153 (Fla. 2d DCA 2012). "Both acts generally apply to the same types of conduct, and Florida courts must give 'great weight' to federal interpretations of the FDCPA when interpreting and applying the FCCPA." *Id.* "For the FDCPA to apply the communication must have been made in connection with the collection of any debt." Id. *relying on, Parker v. Midland Credit Mgmt., Inc.,* 874 F.Supp.2d 1353, 1355 (M.D.Fla.2012).

2

### A.    Foreclosing a Mortgage is Not Debt Collection

As an initial matter, Plaintiff failed to allege any facts supporting debt collection. Plaintiff merely referred to a mortgage foreclosure action. In Florida, filing of a foreclosure lawsuit is "not a debt collection practice under Section 559.72 of the FCCPA." *Trent v. Mortgage Electronic Registrations Systems, Inc.*, 618 F. Supp. 2d 1356 (MD. Fla. 2007). Further, "foreclosing on a mortgage is distinct from the collection of the obligation to pay money," *Id.* "The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor, and not foreclosure actions." *Id.* This holding has been more recently relied upon by the Middle District and Southern District in *Dyer v. Choice Legal Group, PA*, 2015 WL 3650925, *2 (MD. Fla. June 11, 2015) and *Summerlin Asset Management V Trust v. Jackson*, 2015 WL 4065372, *4 (SD Fla. July 2, 2015) respectively. Under these cases, the filing of a mortgage foreclosure is not an action to collect a debt. Any actions purported against Plaintiff connected to the mortgage foreclosure are not actionable under the FCCPA.

Here, Plaintiff merely alleges that U.S. Bank attempted to foreclose its mortgage. Plaintiff then alleges that a moving truck was parked at Plaintiff's home and his belongings were removed without permission. However, Plaintiff fails to plead the connection with removing belongings with debt collection. *See Borden v. Saxon Mortg. Services, Inc.*, 08-61851-CV, 2010 WL 3834590, at *15 (S.D. Fla. 2010) (FCCPA lawsuit against lender involving a trespass was dismissed because Plaintiff failed to offer any facts demonstrating the alleged trespass was in the course of collecting a debt). Additionally, allegations contained in a pleading are insufficient if they are too general, vague or conclusory. *Beckler v. Hoffman,* 550 So.2d 68, 70 (Fla. 5th DCA 1989). Where the elements of a cause of action are not pled, they may not be inferred from the context of the allegations. *Magner v. Merrill Lynch Realty/MCK, Inc.,* 585 So.2d 1040, 1043

(Fla. 4th DCA 1991), *rev. denied,* 598 So.2d 77 (Fla.1992). In reviewing a motion to dismiss, we need only accept "well-pleaded facts" and "reasonable inferences drawn from those facts." *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir.1992). Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a dismissal. *Marsh v. Butler County,* 268 F.3d 1014, 1036 n. 16 (11th Cir.2001).

Here, Plaintiff asserts conclusory allegations such as "Five Brother's actions were taken in an attempt to enforce a security interest and collect a debt in and for Plaintiff's home for U.S. Bank." Compl. ¶ 18. First, enforcing a security interest is not debt collection. Second, Plaintiff fails to plead facts that support debt collection efforts. There are a number of causes of action that would provide relief for "breaking into Plaintiff's home, changing the locks, removing and disposing all of the contents of the Plaintiff's home", but Plaintiff has only pleaded violations of the FCCPA. Even if all allegations were assumed to be true, Plaintiff fails to properly plead any violation of the FCCPA.

## B.     Defendant Did Not Sufficiently Plead Improper Communication.

As a second matter, Plaintiff alleges that Defendant violated the FCCPA  by communicating directly with Plaintiff after Defendant had knowledge that Plaintiff was represented by counsel. Again, Plaintiff fails to plead facts to support how U.S. Bank had knowledge of attorney representation or to plead specific facts as it relates to the alleged communication. Plaintiff alleges a single communication from June 2015, which was one year and four months after the foreclosure action was dismissed. (Compl. ¶ 21). Additionally, there is no allegation that Plaintiff was represented by counsel in connection with a debt collection. A notice of appearance filed in a foreclosure action is insufficient as a matter of law to place US Bank on notice that Plaintiff was represented by counsel with respect to their debt. *See Wright v.*

*Select Portfolio Servicing, Inc.*, 8:14-CV-747-FTM-CM, 2015 WL 4095350, at *8 (M.D. Fla. 2015).

The FCCPA prohibits a debt collector from "[c]ommunicat[ing] with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt ..." Fla. Stat. § 559.72(18). Much like the FDCPA, under "the FCCPA, the use of the word 'knows' requires actual knowledge of the impropriety or overreach of a claim." *See Watson v. Capital One Services*, LLC 3:10-CV-358-J-37JRK, 2011 WL 2560230, at *6 (M.D. Fla. 2011), *citing In re Lamb*, 409 B.R. 534, 541 (N.D.Fla.2009). Courts may not impute knowledge when actual knowledge is required by statute. *See Bacelli v. MFP, Inc.*, 729 F.Supp.2d 1328, 1334–36 (M.D.Fla.2010).

Here, Plaintiff failed to plead facts supporting actual knowledge of attorney representation in connection with collecting a debt. Further, Plaintiff fails to explain the details of the communication, what time the call occurred, the exact date, whom Plaintiff spoke to, the number that the call came from, amongst other important details. Additional details related to the content of the communications are required to sustain these claims. *See Nordwall v. PNC Mortg.*, 2:14-CV-747-FTM-CM, 2015 WL 4095350, at *8 (M.D. Fla. 2015). As pleaded, Plaintiff fails to state a cause of action pursuant to the FCCPA.

## II.    Plaintiff Failed to State a Cause of Action for Intentional Infliction of Emotional Distress

To establish a cause of action for intentional infliction of emotional distress a plaintiff must show that the defendant's intentional conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metro Life Ins. Co. v. McCarson*, 467 So.2d 277, 278–79 (Fla.1985). *See also Gallogly v. Rodriguez*, 970 So.2d 470, 471 (Fla. 2d

DCA 2007). The conduct must be evaluated on an objective basis; the plaintiff's subjective response to the conduct does not control. *McCarson*, 467 So.2d at 278–79. Moreover, merely asserting legal rights in a legally permissible way does not rise to the level of outrageous conduct necessary to sustain a claim of intentional infliction of emotional distress. *Id.*

Here, Plaintiff alleges that upon the direction and authority of U.S. Bank, Five Brothers unlawfully entered the Plaintiff's home, changed the locks and disposed of all of the Plaintiff's possessions. (Comp. ¶ 15). Even assuming, *arguendo*, that Plaintiff's allegations are true, Plaintiff failed to allege facts that would rise to the level of being so extreme or outrageous as to permit a claim for intentional infliction of emotional distress. *See Harper Companies, Inc. v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A.*, 656 So. 2d 627 (Fla. 4th DCA 1995). In *Harper Companies*, the Plaintiff operated a consignment store which included contemporary and antique furnishings and accessories. *Id.* at 629. Plaintiff alleged that the Defendant creditor, its agent and its attorneys, instructed the sheriff to levy all property found in the custody of Plaintiff. *Id.* The Complaint maintained that all of the Defendants knew beforehand that the property which was going to be seized was not properly subject to levy or execution. *Id.* Additionally, the Complaint alleged that the creditor's true intentions in giving the sheriff instruction to levy the property was simply to harass Plaintiff and confiscate Plaintiff's inventory prior to the "season" beginning in Palm Beach so that Plaintiff's consignment store business would be destroyed and their reputation ruined. *Id.* The 4th DCA affirmed the dismissal with prejudice because the activities complained of could not rise to the level of being so extreme or outrageous as to permit a claim for intentional infliction of emotional distress. *Id.*

In the matter at hand, Plaintiff alleges that U.S. Bank directed Five Brothers to remove Plaintiff's belongings from his home in order to collect a debt. Even if Plaintiff's allegations were

6

true, they would not rise to the level of being so extreme or outrageous as to permit a claim for intentional infliction of emotional distress.

## CONCLUSION

This matter should be dismissed for several reasons. First, Plaintiff failed to establish that any actions committed by U.S. Bank were in connection to debt collection. Plaintiff merely refers to a mortgage foreclosure action. Plaintiff fails to plead any facts to establish that U.S. Bank was attempting to collect a debt. Second, Plaintiff fails to plead any facts to support his claim that U.S. Bank communicated with Plaintiff after it had actual knowledge of attorney representation. It is well established that notice of appearance in a foreclosure action, is not notice as it pertains to the FCCPA. Further, Plaintiff only eludes to one telephone communication which took place 16 months after Plaintiff's foreclosure representation. Lastly, Plaintiff failed to plead sufficient facts related to the communication to establish a FCCPA violation. Lastly, Plaintiff failed to state a cause of action that gives rise to the intentional infliction of emotional distress. The allegations as set forth by Plaintiff are not outrageous enough to allow Plaintiff to proceed with his cause of action.

**WHEREFORE**, U.S. Bank, N.A. respectfully requests that the Court grant its Motion to Dismiss, and for other such relief deemed just and appropriate.

/s/ J. Kirby McDonough
S. Douglas Knox
Florida Bar No. 849871
J. Kirby McDonough
Florida Bar No. 0079031
QUARLES & BRADY LLP
101 E. Kennedy Blvd., Suite 3400
Tampa, FL 33602
Telephone: 813-387-0300
Fax: 813-387-1800
Primary email address:
Douglas.knox@quarles.com
kirby.mcdonough@quarles.com

7

Secondary email address:
christy.soberanis@quarles.com
docketfl@quarles.com
*Counsel  US Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above Motion to Dismiss was filed on September 10th,

2015, using the Court's Florida E-filing Portal system and that a true and correct copy of the

Motion to Dismiss was served on the following parties:

Max Story, Esquire
MAX HUNTER STORY, P.A.
328 2nd Avenue North
Jacksonville Beach, Florida  32250
max@storylawgroup.com
*Counsel for Plaintiff*

Albert T. Franson, Esquire
FRANSON, ISELEY & RENDZIO, P.A.
1400 Prudential Dr., Ste. 5
Jacksonville, FL  32207
afranson@fi-law.com
*Counsel for Defendant Five Brothers*
*Mortgage Company Services and Securing,*
*Inc.*

/s/ J. Kirby McDonough
Attorney

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA

EDWARD PAUL CONLON,

      Plaintiff,

CASE NO.: CA15-00736

VS.

U.S. BANK, N.A., and FIVE BROTHERS
MORTGAGE COMPANY SERVICES AND
SECURING, INC.,

      Defendants.

_____/

## NOTICE OF APPEARANCE AND
## DESIGNATION OF E-MAIL ADDRESSES

**COMES NOW** Curtis L. Brown, Esquire, Travis W. Fuflord, Esquire and the law firm of Wright, Fulford, Moorhead & Brown, P.A. and hereby files this Notice of Appearance as co-counsel of record for Defendant, FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC. All further documents, pleadings and correspondence should be forwarded to the undersigned counsel.

Pursuant to Rule 1.080 of the Florida Rules of Civil Procedure and Rule 2.516 of the Florida Rules of Judicial Administration, the undersigned hereby designates primary and secondary electronic e-mail addresses for the service of pleadings and papers in the above-styled action:

For attorney Curtis L. Brown:

Primary email address:      cbrown@wfmblaw.com
Secondary email address:    khartin@wfmblaw.com

For attorney Travis W. Fulford:

Primary email address:      tfulford@wfmblaw.com
Secondary email address:   ascheele@wfmblaw.com

**WRIGHT, FULFORD, MOORHEAD
& BROWN, P.A.**

*/s/ Curtis L. Brown* _____
**CURTIS L. BROWN, ESQUIRE**
Florida Bar Number: 856312
cbrown@wfmblaw.com
khartin@wfmblaw.com

**TRAVIS W. FULFORD, ESQ.**
Florida Bar No.: 647756
tfulford@wfmblaw.com
ascheele@wfmblaw.com
505 Maitland Avenue, Suite 1000
Altamonte Springs, Florida 32701
Telephone: 407-425-0234
Attorneys for Defendant, Interplan, LLC

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on the 18th day of November 2015 a true and correct copy of the foregoing was filed with the Clerk of Court using the Florida Courts' e-Filing Portal, which will deliver electronic copies of said filing pursuant to Fla. R. Jud. Admin. 2.516 to the following:

    **Max Story, Esquire**, MAX HUNTER STORY, P.A., 328 2nd Avenue North, Jacksonville Beach, Florida 32250, max@stmylawgroup.com

    **Albert T. Franson, Esquire**, FRANSON, ISELEY & RENDZIO, P.A., 1400 Prudential Drive, Suite 5, Jacksonville, Florida 32207, afranson@fi-lavb.com

    **J. Kirby McDonough, Esquire** and **S. Douglas Knox, Esquire**, QUARLES & BRADY LLP, 101 E. Kennedy Blvd., Suite 3400, Tampa, Florida 33602, Douglas.knox@quarles.com, kirby.mcdonough@quarles.com

*/s/ Curtis L. Brown* _____
**Curtis L. Brown**

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA

EDWARD PAUL CONLON,

      Plaintiff,

VS.

U.S. BANK, N.A., and FIVE BROTHERS
MORTGAGE COMPANY SERVICES AND
SECURING, INC.,

      Defendants.

CASE NO.: CA15-00736
DIVISION:   55

_____/

### FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.'S AMENDED MOTION TO DISMISS COUNT II AND COUNT IV OF PLAINTIFF'S COMPLAINT

      Defendant, Five Brothers Mortgage Company Services and Securing, Inc. (hereinafter "Five Brothers"), pursuant to Rule 1.140, Florida Rules of Civil Procedure, moves to dismiss Plaintiff, Edward Paul Conlon's (hereinafter "Plaintiff") Complaint, and in support says:

### INTRODUCTION

      Plaintiff brings this action for alleged violations of the Florida Consumer Collection Practices Act, Florida Statutes § 559.72, *et seq.* (hereinafter "FCCPA"). In support, Plaintiff alleges that he has a home mortgage with co-defendant, U.S. Bank, N.A. (hereinafter "U.S Bank"). Comp. ¶ 9. Plaintiff alleges that U.S. Bank initiated an action to foreclose its mortgage., but the action was dismissed on February 21, 2014. Comp. ¶ 10-12. After the foreclosure action, Plaintiff alleges that U.S. Bank directed Five Brothers to enter Plaintiff's home, change the locks and dispose of all of the Plaintiff's possessions. Comp. ¶ 15. Lastly, Plaintiff alleges that U.S. Bank's actions intentionally inflicted emotional distress. Comp. ¶ 38. As set forth more specifically below, these allegations fail to support a claim for relief under the FCCPA.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, a trial court is limited to the four corners of the complaint, and must accept that the allegations contained within the complaint are true. *Peter F. Merkle, M.D., P.A. v. Health Options, Inc.*, 940 So. 2d 1190, 1194 (Fla. 4th DCA 2006). When reviewing a motion to dismiss, a court may not "speculate as to what the true facts may be or what facts will be ultimately proved in the trial of the cause." *Id.* (*quoting Thompson v. City of Jacksonville*, 130 So. 2d 105, 107 (Fla. 1st DCA 1961)). A court must accept the allegations set forth in the complaint as true and all inferences that reasonably can be drawn from those facts must be drawn in favor of the pleader. *Taylor v. City of Riviera Beach*, 801 So. 2d 259, 262 (Fla. 4th DCA 2001).

## ARGUMENT

**I.     Plaintiff Fails to State a Cause of Action Under the FCCPA as Foreclosing a Mortgage is not "Debt Collection" under Count II of his Complaint.**

In Florida, consumer debt collection practices are regulated by both the FCCPA and the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692–1692 (FDCPA)." *Hurtubise v. P.N.C. Bank, N.A.*, 512013AP000015APAXWS, 2015 WL 3948192 (Fla. Cir. Ct. 2015) *citing Read v. MFP, Inc.,* 85 So. 3d 1151, 1153 (Fla. 2d DCA 2012). "Both acts generally apply to the same types of conduct, and Florida courts must give 'great weight' to federal interpretations of the FDCPA when interpreting and applying the FCCPA." *Id.* "For the FDCPA to apply the communication must have been made in connection with the collection of any debt." Id. *relying on*,  *Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1355 (M.D. Fla. 2012).

In his complaint, Plaintiff fails to allege any facts supporting debt collection or debt collection practices by U.S. Bank and/or Five Brothers. Plaintiff merely refers to a mortgage foreclosure action as the basis of his complaint. In Florida, filing of a foreclosure lawsuit is "not a debt collection practice under Section 559.72 of the FCCPA." *Trent v. Mortgage Electronic Registrations Systems, Inc.*, 618 F. Supp. 2d 1356 (MD. Fla. 2007). Further, "foreclosing on a mortgage is distinct from the collection of the obligation to pay money," *Id.* "The FDCPA is

intended to curtail objectionable acts occurring in the process of collecting funds from a debtor, and not foreclosure actions." *Id.* This holding has been more recently relied upon by the Middle District and Southern District in *Dyer v. Choice Legal Group, PA*, 2015 WL 3650925, *2 (MD. Fla. June 11, 2015) and *Summerlin Asset Management V Trust v. Jackson*, 2015 WL 4065372, *4 (SD Fla. July 2, 2015) respectively. Under these cases, the filing of a mortgage foreclosure is not an action to collect a debt. Any actions purported against Plaintiff connected to the mortgage foreclosure are not actionable under the FCCPA.

Here, Plaintiff merely alleges that U.S. Bank attempted to foreclose its mortgage and that "Five Brother's actions were taken in an attempt to enforce a security interest and collect a debt in and for Plaintiff's home for U.S. Bank." Comp. ¶ 18. First, enforcing a security interest is not debt collection. Second, Plaintiff fails to plead facts that support debt collection efforts and/or practices by U.S. Bank and/or Five Brothers. Further, Plaintiff contends that a moving truck was parked at Plaintiff's home and his belongings were removed without permission by Five Brothers. Again, Plaintiff fails to plead the connection of removing belongings with the act of debt collection as required for a cause of action for a violation of the Florida Consumer Collection Practices Act to stand. *See Borden v. Saxon Mortgage Services, Inc.*, 08-61851-CV, 2010 WL 3834590, at *15 (S.D. Fla. 2010) (FCCPA lawsuit against lender involving a trespass was dismissed because Plaintiff failed to offer any facts demonstrating the alleged trespass was in the course of collecting a debt).

Additionally, allegations contained in a pleading are insufficient if they are too general, vague or conclusory. *Beckler v. Hoffman,* 550 So. 2d 68, 70 (Fla. 5th DCA 1989). Where the elements of a cause of action are not pled, they may not be inferred from the context of the allegations. *Magner v. Merrill Lynch Realty/MCK, Inc.,* 585 So. 2d 1040, 1043 (Fla. 4th DCA 1991), *rev. denied,* 598 So. 2d 77 (Fla. 1992). In reviewing a motion to dismiss, we need only accept "well-pleaded facts" and "reasonable inferences drawn from those facts." *Oladeinde v. City of Birmingham,* 963 F. 2d 1481, 1485 (11th Cir.1992). Unsupported conclusions of law or of mixed

fact and law have long been recognized not to prevent a dismissal. *Marsh v. Butler County*, 268 F. 3d 1014, 1036 (11th Cir.2001).

Even if the above referenced allegations are assumed to be true, Plaintiff fails to properly plead any violation of the FCCPA by Five Brothers.

## II.    Plaintiff Fails to State a Cause of Action for Intentional Infliction of Emotional Distress under Count IV of his Complaint

To establish a cause of action for intentional infliction of emotional distress a plaintiff must show that the defendant's intentional conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metro Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278–79 (Fla.1985). *See also Gallogly v. Rodriguez*, 970 So. 2d 470, 471 (Fla. 2d DCA 2007) *See, e.g. Sylvester v. GE Capital Retail Bank*, 2012 U.S. Dist. LEXIS 114336, 2012 WL 3522691, (M.D. Fla. 2012) ("Florida courts use a very high standard in evaluating whether the facts alleged are sufficiently outrageous, requiring that the conduct be 'beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"). The conduct must be evaluated on an objective basis; the plaintiff's subjective response to the conduct does not control. *McCarson*, 467 So. 2d at 278–79. Moreover, merely asserting violation of legal rights in a legally impermissible way does not give rise to the level of outrageous conduct necessary to sustain a claim of intentional infliction of emotional distress. *Id.*

Here, Plaintiff alleges that upon the direction and authority of U.S. Bank, Five Brothers unlawfully entered the Plaintiff's home, changed the locks and disposed of all of the Plaintiff's possessions. (Comp. ¶ 15). Even assuming, *arguendo*, that Plaintiff's allegations are true, despite them being highly contested, Plaintiff fails to allege facts that would give rise to the level of being so extreme or outrageous as to permit a claim for intentional infliction of emotional distress. *See Harper Companies, Inc. v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A.*, 656 So. 2d 627

(Fla. 4th DCA 1995). In *Harper Companies*, the Plaintiff operated a consignment store which included contemporary and antique furnishings and accessories. *Id.* at 629. Plaintiff alleged that the Defendant creditor, its agent and its attorneys, instructed the sheriff to levy on all property found in the custody of Plaintiff. *Id.* The Complaint maintained that all of the Defendants knew beforehand that the property which was going to be seized was not properly subject to levy or execution. *Id.* Additionally, the Complaint alleged that the creditor's true intentions in giving the sheriff instruction to levy the property was simply to harass Plaintiff and confiscate Plaintiff's inventory prior to the "season" beginning in Palm Beach so that Plaintiff's consignment store business would be destroyed and their reputation ruined. *Id.* The 4th DCA affirmed the dismissal with prejudice because the activities complained of could not rise to the level of being "so extreme or outrageous" as to permit a claim for intentional infliction of emotional distress. *Id.*

In the subject complaint, Plaintiff alleges that U.S. Bank directed Five Brothers to remove Plaintiff's belongings from his home in order to collect a debt (as previously argued, foreclosure of a mortgage does not fall under the definition of "collection of a debt"). Even if Plaintiff's allegations are taken as true, they do not rise to the level of being so extreme or outrageous as to permit a claim for intentional infliction of emotional distress. As such, Plaintiff's cause of action for the same against Five Brothers should be dismissed.

## CONCLUSION

Plaintiff's complaint should be dismissed for the reasons set forth above. First, Plaintiff fails to establish that any actions committed by Five Brothers were in connection with "debt collection" as required to bring an action under The Florida Consumer Collection Practices Act. Plaintiff only refers to a mortgage foreclosure action which is not defined as "debt collection." To that end, Plaintiff fails to plead any facts establishing that Five Brother was attempting to collect a debt as required by Florida case law.

Lastly, Plaintiff fails to state a cause of action that gives rise to an intentional infliction of emotional distress. The allegations as set forth by Plaintiff against Five Brothers are not so outrageous as to rise to the level of a viable cause of action by Plaintiff against Five Brothers under Count IV of Plaintiff's Complaint.

**WHEREFORE**, Defendant Five Brothers Mortgage Company Services and Securing, Inc., moves this Court to dismiss Counts II and IV of Plaintiff's Complaint for the reasons set forth above and for such further and other relief as this Court deems just and proper.

DATED this 19th day of November, 2015.

**WRIGHT, FULFORD, MOORHEAD
& BROWN, P.A.**

*/s/ Travis W. Fulford*
**CURTIS L. BROWN, ESQUIRE**
Florida Bar Number:  856312
cbrown@wfmblaw.com
khartin@wfmblaw.com

**TRAVIS W. FULFORD, ESQ.**
Florida Bar No.: 647756
twfulford@wfmblaw.com
ascheele@wfmblaw.com
505 Maitland Avenue, Suite 1000
Altamonte Springs, Florida 32701
Telephone:    407-425-0234
Attorneys for Defendant, Five Brothers Mortgage
Company Services And Securing, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 19th day of November 2015 a true and correct copy of the foregoing was filed with the Clerk of Court using the Florida Courts' e-Filing Portal, which will deliver electronic copies of said filing pursuant to Fla. R. Jud. Admin. 2.516 to the following:

**Max Story, Esquire**, MAX HUNTER STORY,   P.A., 328 2nd Avenue North, Jacksonville  Beach, Florida 32250, max@storylawgroup.com

**Albert  T.  Franson,  Esquire**, FRANSON,   ISELEY  &  RENDZIO,   P.A., 1400 Prudential Drive, Suite 5, Jacksonville,  Florida  32207, afranson@fi-lavb.com

**J. Kirby McDonough, Esquire** and **S. Douglas Knox, Esquire**, QUARLES  & BRADY LLP,  101  E.  Kennedy    Blvd.,    Suite  3400,  Tampa,    Florida    33602, Douglas.knox@quarles.com, kirby.mcdonough@quarles.com


*/s/ Travis W. Fulford*_____
**Travis W. Fulford**

IN THE CIRCUIT COURT SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.: CA15-00736
DIVISION: 55

EDWARD PAUL CONLON,

      Plaintiff,

vs.

U.S. BANK, N.A. and,
FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.,

      Defendant.

_____/

## NOTICE OF CANCELLATION OF HEARING

      **YOU ARE HEREBY NOTIFIED** that the Hearing on the *Defendant's Motion to Dismiss Count IV of the Complaint* scheduled for **Monday, November 23, 2015** at **10:45 a.m.** is hereby cancelled.

                      Respectfully submitted,

                      **MAX STORY, PA**

                      /s/ Max Story, Esquire
                      **MAX STORY, ESQUIRE**
                      Florida Bar No. 0527238
                      328 2nd Avenue North, Suite 100
                      Jacksonville Beach, FL 32250
                      Telephone (904) 372-4109
                      max@storylawgroup.com
                      Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 20, 2015, I electronically filed the foregoing with Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being

served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Max Story, Esquire
**MAX STORY, ESQ.**
Florida Bar No. 527238

Filing # 34715404 E-Filed 11/20/2015 01:37:17 PM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA

EDWARD PAUL CONLON,

      Plaintiff,

VS.

                                      CASE NO.: CA15-00736

U.S. BANK, N.A., and FIVE BROTHERS
MORTGAGE COMPANY SERVICES AND
SECURING, INC.,

      Defendants.

_____/

## NOTICE OF WITHDRAWAL OF MOTION TO DISMISS

Defendant, FIVE BROTHERS MORTGAGE COMPANY SERVICES AND
SECURING, INC., by and through its undersigned counsel, and hereby provides notice of
withdrawal of its Motion to Dismiss Count IV of the Complaint which was filed or August 10,
2015 based upon the filing of its Amended Motion to Dismiss Count II and Count IV of
Plaintiff's Complaint which was filed with this Court on November 19, 2015.

                                **WRIGHT, FULFORD, MOORHEAD
                                & BROWN, P.A.**

                                */s/ Travis W. Fulford*_____
                                **CURTIS L. BROWN, ESQUIRE**
                                Florida Bar Number: 856312
                                cbrown@wfmblaw.com
                                khartin@wfmblaw.com

                                **TRAVIS W. FULFORD, ESQ.**
                                Florida Bar No.: 647756
                                twfulford@wfmblaw.com
                                ascheele@wfmblaw.com
                                505 Maitland Avenue, Suite 1000
                                Altamonte Springs, Florida 32701

Telephone:    407-425-0234
Attorneys for Defendant Five Brothers

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 20th day of November 2015 a true and correct copy of the foregoing was filed with the Clerk of Court using the Florida Courts' e-Filing Portal, which will deliver electronic copies of said filing pursuant to Fla. R. Jud. Admin. 2.516 to the following:

**Max Story, Esquire**, MAX HUNTER STORY, P.A., 328 2nd Avenue North, Jacksonville Beach, Florida 32250, max@storylawgroup.com

**Albert T. Franson, Esquire**, FRANSON, ISELEY & RENDZIO, P.A., 1400 Prudential Drive, Suite 5, Jacksonville, Florida 32207, afranson@fi-lavb.com

**J. Kirby McDonough, Esquire** and **S. Douglas Knox, Esquire**, QUARLES & BRADY LLP, 101 E. Kennedy Blvd., Suite 3400, Tampa, Florida 33602, Douglas.knox@quarles.com, kirby.mcdonough@quarles.com

/s/ Travis W. Fulford
**Travis W. Fulford**

IN THE CIRCUIT COURT SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.:  CA15-00736
DIVISION:  55

EDWARD PAUL CONLON,

     Plaintiff,

vs.

U.S. BANK, N.A. and,
FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.,

     Defendant.
_____/

### NOTICE OF HEARING

     YOU ARE HEREBY NOTIFIED that the undersigned will call up for hearing on Defendant *U.S. Bank, N.A's Motion To Dismiss* at the following time and place:

**DATE:  Wednesday, Feb. 10, 2016**    **TIME:**   **2:30 p.m., for 30 minutes**

**JUDGE:  Howard Maltz**        **PLACE:  St. Johns County Courthouse, Room 344**

Respectfully submitted,

**MAX STORY, PA**

/s/ Max Story, Esquire
**MAX STORY, ESQUIRE**
Florida Bar No. 0527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone (904) 372-4109
max@storylawgroup.com
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on November 24, 2015, I electronically filed the foregoing with

Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served

this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Max Story, Esquire
**MAX STORY, ESQ.**
Florida Bar No. 527238

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA

EDWARD PAUL CONLON,

      Plaintiff,                         CASE NO.: CA15-00736

VS.

U.S. BANK, N.A., and FIVE BROTHERS
MORTGAGE COMPANY SERVICES AND
SECURING, INC.,

      Defendants.

_____/

### FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.'S NOTICE OF JOINDER IN U.S. BANK, N.A.'S MOTION TO DISMISS

      PLEASE TAKE NOTICE THAT Defendant, FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC. ("Five Brothers"), hereby joins in U.S. Bank, N.A.'s Motion to Dismiss filed with this Court on September 10, 2015, and hereby adopts the arguments and authorities set forth therein as they relate to those raised by Five Brothers in its Amended Motion to Dismiss Count II and Count IV of Plaintiff's Complaint filed with this Court on November 19, 2015.

      Dated this 25th day of November 2015.

                        **WRIGHT, FULFORD, MOORHEAD
                        & BROWN, P.A.**

                        */s/ Travis W. Fulford*_____
                        **CURTIS L. BROWN, ESQUIRE**
                        Florida Bar Number:  856312
                        cbrown@wfmblaw.com
                        khartin@wfmblaw.com

                        **TRAVIS W. FULFORD, ESQ.**

Florida Bar No.: 647756
twfulford@wfmblaw.com
ascheele@wfmblaw.com

505 Maitland Avenue, Suite 1000
Altamonte Springs, Florida 32701
Telephone:  407-425-0234
Attorneys for Defendant Five Brothers

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 25th day of November 2015 a true and correct copy of
the foregoing was filed with the Clerk of Court using the Florida Courts' e-Filing Portal, which will
deliver electronic copies of said filing pursuant to Fla. R. Jud. Admin. 2.516 to the following:

**Max Story, Esquire**, MAX HUNTER STORY, P.A., 328 2nd Avenue North, Jacksonville
Beach,  Florida  32250, max@storylawgroup.com

**Albert T. Franson,  Esquire**, FRANSON,  ISELEY  &  RENDZIO,  P.A., 1400
Prudential Drive, Suite 5, Jacksonville,  Florida  32207, afranson@fi-lavb.com

**J. Kirby McDonough, Esquire** and **S. Douglas Knox, Esquire**, QUARLES  &  BRADY
LLP,  101  E.  Kennedy   Blvd.,   Suite  3400,  Tampa,   Florida   33602,
Douglas.knox@quarles.com, kirby.mcdonough@quarles.com

/s/ Travis W. Fulford
**Travis W. Fulford**

Filing # 36367842 E-Filed 01/11/2016 09:29:16 AM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA

EDWARD PAUL CONLON,

      Plaintiff,                       CASE NO.: CA15-00736

VS.

U.S. BANK, N.A., and FIVE BROTHERS
MORTGAGE COMPANY SERVICES AND
SECURING, INC.,

      Defendants.

_____/

## NOTICE OF SERVICE OF OFFER OF
## JUDGMENT/PROPOSAL FOR SETTLEMENT

FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC., by

and through its undersigned counsel, hereby gives notice that FIVE BROTHERS MORTGAGE

COMPANY SERVICES AND SECURING, INC.'s Offer of Judgment/Proposal for Settlement

to Plaintiff, EDWARD PAUL CONLON, was furnished on the date undersigned, in accordance

with Fla. R. Civ. P. 1.442, and §768.79, Florida Statutes.

      Dated: January 11, 2016.

                    **WRIGHT, FULFORD, MOORHEAD**
                    **& BROWN, P.A.**

                    */s/ Curtis L. Brown*
                    **CURTIS L. BROWN, ESQUIRE**
                    Florida Bar Number: 856312
                    cbrown@wfmblaw.com
                    khartin@wfmblaw.com
                    **TRAVIS W. FULFORD, ESQ.**
                    Florida Bar No.: 647756
                    twfulford@wfmblaw.com
                    505 Maitland Avenue, Suite 1000
                    Altamonte Springs, Florida 32701
                    Telephone:    407-425-0234
                    *Attorneys for Defendant Five Brothers*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 11th day of January 2016 a true and correct copy of the foregoing was filed with the Clerk of Court using the Florida Courts' e-Filing Portal, which will deliver electronic copies of said filing pursuant to Fla. R. Jud. Admin. 2.516 to the following:

**Max Story, Esquire**, MAX HUNTER STORY, P.A., 328 2nd Avenue North, Jacksonville Beach, Florida 32250, max@storylawgroup.com

**Albert T. Franson, Esquire**, FRANSON, ISELEY & RENDZIO, P.A., 1400 Prudential Drive, Suite 5, Jacksonville, Florida 32207, afranson@fi-lavb.com

**J. Kirby McDonough, Esquire** and **S. Douglas Knox, Esquire**, QUARLES & BRADY LLP, 101 E. Kennedy Blvd., Suite 3400, Tampa, Florida 33602, Douglas.knox@quarles.com, kirby.mcdonough@quarles.com

/s/ Curtis L. Brown
**Curtis L. Brown**

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA

EDWARD PAUL CONLON,

      Plaintiff,

VS.

CASE NO.: CA15-00736

U.S. BANK, N.A., and FIVE BROTHERS
MORTGAGE COMPANY SERVICES AND
SECURING, INC.,

      Defendants.

_____/

## DEFENDANT, FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF, EDWARD PAUL CONLON

COMES NOW, Defendant, FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC. ("FIVE BROTHERS"), by and through its undersigned counsel, pursuant to Rule 1.350, *Florida Rules of Civil Procedure*, and requests that Plaintiff, EDWARD PAUL CONLON ("CONLON"), produce the following documentation for inspection and/or copying by FIVE BROTHERS, its attorneys, accountants, and/or agents, at a mutually agreeable time and place, and within thirty (30) days from the date of service of this Request.

### DEFENITIONS

When used herein, the following terms shall have the following meanings:

(a)    "Document" or "Documents" is used herein in its broadest and most liberal sense and means all written, typed, printed, recorded or graphic materials, however produced or reproduced, of any and every kind or description, and whether an original, master, duplicate or copy, however different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copy center received, or otherwise), including but not limited to (regardless of however or by whomever prepared, produced or reproduced): all letters, correspondence, memoranda, notes, papers, work papers, diaries, corporate records, accounts,

daily entries and notes, minutes of meetings, tax reports, financial statements, computer data and printouts, punch cards, printout sheets, shipping records, accounting records, ledger books, notebooks, vouchers, check registers, journals, bills of lading, invoices, receipts, purchase orders, bills, desk calendars, appointment books, payrolls, reports, book, ledgers, telex messages, interoffice and intraoffice communications, telegrams, cablegrams, mailgrams, telecopies, movie films, slides, time lapsed films, photographic records, tapes, microfilms, magazines, booklets, pamphlets, circulars, bulletins, instructions, audio and video tapes, advertisements, catalogs, manuals, publications, brochures, budgets, agreements, studies, contracts, contract modifications, transcripts, records of telephone or other communications, records of manpower, manpower curves, market studies, tables, charts, drawings (including show drawings), plans and specifications, diagrams, exhibits, models, sketches, surveys, photographs, negatives, subcontracts, supply and vendor contracts, bids, quotes, proposals, estimates, change orders, material and labor takeoffs, bonds, critical path method (CPM) or other job progress schedules, submittals, speeches, releases, appraisals, evaluations, estimates, opinions, studies, analyses, and summaries, as well as any other tangible thing on which information is recorded in writing, sound, picture, or other means, and any revisions of any of the foregoing and any supporting or underlying or preparatory material irrespective of form.

(b)     "Related to" means referring to concerning, discussing, mentioning, evaluating or analyzing, or having any logical connection with, in whole or in part, directly or indirectly.

(c)     "Communications" shall mean and refer to both written and verbal exchanges between any person, persons or entities, including but limited to verbal conversations, telephone calls, letters, memoranda, reports, telegrams, exhibits, drawings and any other documents as earlier defined which confirm, constitute or relate to the communications.

(d)     "Person" shall mean any individual, corporation, partnership, association, joint venture, proprietorship, firm, governmental body, or other legal entity, along with its respective parents, subsidiaries, affiliates, divisions, members, representatives, committees, partners, officers, directors, agents, employees, servants, consultants, advisors, independent contractors, and any other person related to them or acting on their behalf.

(e)     "Defendant" or "FIVE BROTHERS" shall refer to FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC., as well as any agents, assigns and legal representatives thereof.

(f)     "Plaintiff," "you," "yours," or "CONLON" shall refer to EDWARD PAUL CONLON, as well as any agents, assigns, d/b/as, and legal representatives thereof.

(g)     "Premises" shall refer to the real property located at 120 Crooked Trail, St. Augustine, Florida 32080, as referenced in Plaintiff's Complaint.

## DOCUMENTS REQUESTED

1)      Please produce all documents referenced, utilized, or reviewed by you in preparing your answers to FIVE BROTHER's First Set of Interrogatories to you served contemporaneously herewith and all documents relating to all answers to FIVE BROTHER's First Set of Interrogatories.

2)      Please provide all documents relating to any communications you have had with U.S. Bank, N.A., regarding the mortgage foreclosure action you reference in allegation 10 of your complaint or any of their associated collection practices.

3)      Please provide all documents relating to any communications you have had with Five Brothers or any other entity that performed any work or maintenance on your home since the date of filing of the subject foreclosure action up through current.

4)      Please provide all documents relating to any communication you have had with any law enforcement or similar agency regarding your allegations of damages and/or any of the defendant's "illegal and abusive collection actions" alleged in your complaint.

5)      Please provide all photographs, videos, or films pertaining to any of the allegations of damages alleged in your complaint, including but not limited to photographs or video demonstrating the condition and contents of the interior of your residence prior to and after Five Brothers alleged "trespass and ransacking" of your home.

6)      Please provide all documents reflecting any claim for or payment of any insurance proceeds by any insurance company or third party to you for the damages you allegedly sustained as a result of the allegations in your complaint.

7)      Please provide all documents evidencing those work orders, service orders, maintenance tickets, and/or related documents showing all maintenance or work performed on

your residence by Five Brothers or any other person or entity as a result of the mortgage foreclosure action referenced in your complaint.

8)      Please provide all correspondence of any nature, including electronic mail correspondence, statements, and memoranda, by or between you and any other person or entity regarding any alleged damages you sustained as a result of the allegations in your complaint.

9)      In regard to the allegations in Paragraph 17 of your Complaint, please provide any and all documents evidencing your service in and discharge from the military, including but not limited to, correspondence and certificates regarding any awards, accolades, honors or the like.

10)      In regard to the allegations in Paragraph 17 of your Complaint, please provide any documentation establishing the items and your ownership of any of the items you content were "irreplaceable" and of "immense emotional value" lost as a result of the allegations in your complaint.

11)      In regard to the allegations in Paragraph 35 of your Complaint, please provide any documentation supporting your allegation of suffering damages in the form of "anxiety, emotional distress, and fear", including but not limited to, all medical records or prescriptions of any nature supporting the same.

12)      Any and all documents of any nature, including emails, memorandum, correspondence, notes or the like, regarding any of the allegations and/or damages alleged in your complaint, with the exception of those documents protected by the attorney client privilege and/or work product doctrine.

**WRIGHT, FULFORD, MOORHEAD**
**& BROWN, P.A.**

*/s/ Curtis L. Brown*
**CURTIS L. BROWN, ESQUIRE**
Florida Bar Number: 856312
cbrown@wfmblaw.com
khartin@wfmblaw.com

**TRAVIS W. FULFORD, ESQ.**
Florida Bar No.: 647756
tfulford@wfmblaw.com
ascheele@wfmblaw.com
505 Maitland Avenue, Suite 1000
Altamonte Springs, Florida 32701
Telephone:    407-425-0234
Attorneys for Defendant Five Brothers

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 12th day of January 2016 a true and correct copy of the foregoing was filed with the Clerk of Court using the Florida Courts' e-Filing Portal, which will deliver electronic copies of said filing pursuant to Fla. R. Jud. Admin. 2.516 to the following:

**Max Story, Esquire**, MAX HUNTER STORY, P.A., 328 2nd Avenue North, Jacksonville  Beach, Florida  32250, max@storylawgroup.com

**Albert T. Franson, Esquire**, FRANSON,  ISELEY  &  RENDZIO,  P.A., 1400 Prudential Drive, Suite 5, Jacksonville,  Florida  32207, afranson@fi-lavb.com

**J. Kirby McDonough, Esquire** and **S. Douglas Knox, Esquire**, QUARLES  & BRADY  LLP, 101 E. Kennedy  Blvd.,  Suite 3400, Tampa, Florida  33602, Douglas.knox@quarles.com, kirby.mcdonough@quarles.com

*/s/ Curtis L. Brown*
**Curtis L. Brown**

Filing # 36473691 E-Filed 01/12/2016 04:13:06 PM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA

EDWARD PAUL CONLON,

      Plaintiff,

VS.

U.S. BANK, N.A., and FIVE BROTHERS
MORTGAGE COMPANY SERVICES AND
SECURING, INC.,

      Defendants.

_____/

CASE NO.: CA15-00736

## NOTICE OF SERVICE

FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC., by and through its undersigned counsel, hereby gives notice that it has served its *First Interrogatories to Plaintiff, Edward Paul Conlon,* on Plaintiff's counsel of record by electronic mail on the below date.

Dated: January 12, 2016

**WRIGHT, FULFORD, MOORHEAD
& BROWN, P.A.**

*/s/ Curtis L. Brown*
**CURTIS L. BROWN, ESQUIRE**
Florida Bar Number: 856312
cbrown@wfmblaw.com
khartin@wfmblaw.com
**TRAVIS W. FULFORD, ESQ.**
Florida Bar No.: 647756
twfulford@wfmblaw.com
505 Maitland Avenue, Suite 1000
Altamonte Springs, Florida 32701
Telephone:    407-425-0234
*Attorneys for Defendant Five Brothers*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 12th day of January 2016 a true and correct copy of the foregoing was filed with the Clerk of Court using the Florida Courts' e-Filing Portal, which will deliver electronic copies of said filing pursuant to Fla. R. Jud. Admin. 2.516 to the following:

**Max Story, Esquire**, MAX HUNTER STORY, P.A., 328 2nd Avenue North, Jacksonville Beach, Florida 32250, max@storylawgroup.com

**Albert T. Franson, Esquire**, FRANSON, ISELEY & RENDZIO, P.A., 1400 Prudential Drive, Suite 5, Jacksonville, Florida 32207, afranson@fi-lavb.com

**J. Kirby McDonough, Esquire** and **S. Douglas Knox, Esquire**, QUARLES & BRADY LLP, 101 E. Kennedy Blvd., Suite 3400, Tampa, Florida 33602, Douglas.knox@quarles.com, kirby.mcdonough@quarles.com

_/s/ Curtis L. Brown_
**Curtis L. Brown**

Filing # 36548771 E-Filed 01/14/2016 09:13:55 AM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA

EDWARD PAUL CONLON,

      Plaintiff,

VS.

CASE NO.: CA15-00736

U.S. BANK, N.A., and FIVE BROTHERS
MORTGAGE COMPANY SERVICES AND
SECURING, INC.,

      Defendants.

_____/

## FIVE BROTHERS MORTGAGE COMPANY SERVICES
## AND SECURING, INC. CROSS NOTICE OF HEARING

PLEASE TAKE NOTICE that the following cause will come before the Honorable Howard M. Maltz, St. John's County Courthouse, 4010 Lewis Speedway, St. Augustine, Florida 32084 on Wednesday, February 10, 2016 at 2:30 p.m. or as soon thereafter as counsel may be heard upon *Five Brothers Mortgage Company Services and Securing, Inc.'s Notice of Joinder in U.S. Bank, N.A.'s Motion to Dismiss* as the arguments raised therein are synonymous to those raised in *Five Brothers Amended Motion to Dismiss*.

Thirty (30) minutes have been reserved for U.S. Bank, N.A.'s Motion to Dismiss

Dated:  January 14, 2016.

        **WRIGHT, FULFORD, MOORHEAD
        & BROWN, P.A.**

        */s/ Curtis L. Brown*
        **CURTIS L. BROWN, ESQUIRE**
        Florida Bar Number:  856312
        cbrown@wfmblaw.com
        khartin@wfmblaw.com
        **TRAVIS W. FULFORD, ESQ.**
        Florida Bar No.: 647756
        twfulford@wfmblaw.com

505 Maitland Avenue, Suite 1000
Altamonte Springs, Florida 32701
Telephone:     407-425-0234
*Attorneys for Defendant Five Brothers*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of January 2016 a true and correct copy of the foregoing was filed with the Clerk of Court using the Florida Courts' e-Filing Portal, which will deliver electronic copies of said filing pursuant to Fla. R. Jud. Admin. 2.516 to the following:

**Max Story, Esquire**, MAX HUNTER STORY, P.A., 328 2nd Avenue North, Jacksonville  Beach, Florida  32250, max@storylawgroup.com

**Albert T. Franson, Esquire**, FRANSON,  ISELEY  &  RENDZIO,  P.A., 1400 Prudential Drive, Suite 5, Jacksonville,  Florida  32207, afranson@fi-lavb.com

**J. Kirby McDonough, Esquire** and **S. Douglas Knox, Esquire**, QUARLES  &  BRADY  LLP, 101 E. Kennedy  Blvd.,  Suite 3400, Tampa,  Florida  33602, Douglas.knox@quarles.com, kirby.mcdonough@quarles.com

*/s/ Curtis L. Brown*
**Curtis L. Brown**