Filing # 38636258 E-Filed 03/04/2016 03:32:22 PM

**IN THE CIRCUIT COURT SEVENTH
JUDICIAL CIRCUIT IN AND FOR ST.
JOHNS COUNTY, FLORIDA**

**CASE: CA15-00736
DIVISION: 55**

**EDWARD PAUL CONLON,**

     **Plaintiff,**

vs.

**U.S. BANK, N.A., and
FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.,**

**A foreign corporation,
Defendants.**
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, EDWARD PAUL CONLON, [hereinafter known as "Plaintiff"

or by his proper name], by and through undersigned counsel, and sues Defendants, U.S. BANK,

N.A., [hereinafter referred to as "U.S. Bank, N.A."] and FIVE BROTHERS MORTGAGE

COMPANY SERVICES AND SECURING, INC., [hereinafter referred to as "5 Brothers"] and

alleges:

### JURISDICTION AND VENUE

1.    This is an action for damages that exceeds fifteen thousand dollars ($15,000.00),

exclusive of attorney's fees and costs.

2.    Jurisdiction and venue in St. Johns County, Florida, for purposes of this action are

proper pursuant to Fla. Stat. §559.77.

3.    At all material times herein, Defendants' conduct as alleged in this amended

complaint occurred in St. Johns County, Florida.

1

4.     At all material times herein, the Defendants engaged in their usual and customary business both within St. Johns County, Florida and throughout the State of Florida.

## PARTIES

5.     At all times mentioned in this amended complaint, Plaintiff Conlon was the owner of a house located at 120 Crooked Trail, St. Augustine, Florida 32086, and a resident of St. Johns County, Florida.

6.     At all times mentioned in this complaint, Plaintiff Conlon is a "debtor" or "consumer" as defined by Fla. Stat. §§559.55(8) and 501.203(7).

7.     Defendant US Bank, N.A., is a foreign corporation with its principal place of business located at 425 Walnut Street, Cincinnati, Ohio 45202-3923. US Bank, N.A., conducts business in St. Johns County, Florida. Defendant US Bank, N.A., is considered a "person" under Florida Corporation Law, Section 607.1401(19), and the Florida Consumer Collection Practices Act, Section 559.72, Florida Statutes. It is also considered a "creditor" under Section 559.55(5).

8.     At all times mentioned in this complaint, Defendant 5 Brothers is a foreign for profit corporation with a principal place of business in Warren, Michigan. It is registered to do business in Florida, Florida Department of Corporations Number F11000001629. Defendant 5 Brothers is licensed by the Florida Office of Financial Regulation as a consumer collection agency, Florida Office of Financial Regulation Number CCA9902405. Defendant 5 Brothers is considered a "debt collector" as defined under Section 559.55(7), Florida Statutes.

9.     Defendant 5 Brothers is and at all times material was engaged in the property management business. Defendant 5 Brothers' business includes such activities as property inspection, property preservation, evictions, and claims administration including debt collection

2

as directed by banks, including Defendant US Bank, N.A.

10.     The relationship between Defendant US Bank, N.A., and Defendant 5 Brothers is one of agent and principal such that US Bank, N.A., as principal is jointly and severally liable for any act or omission of its agent, Defendant 5 Brothers.

### FACTS COMMON TO ALL COUNTS

11.     Plaintiff Conlon entered into a mortgage and note with Defendant US Bank, N.A., for personal, family, or household services. The mortgage and note pertained to Plaintiff Conlon's homestead located at 120 Crooked Trial, St. Augustine, Florida 32086. Unfortunately, due to personal and economic reasons, the mortgage became delinquent.

12.     Defendant US Bank, N.A., through its agents and employees, began making multiple collection calls to Plaintiff at his home and on his cell telephone.

13.     In due course, on October 15, 2009, Defendant US Bank, N.A. filed a complaint for foreclosure in St. Johns County US Bank N.A. v. Conlon, Case No. CA 09-3407. A copy of the docket sheet is attached to this amended complaint as **Exhibit "A"**.

14.     Defendant US Bank, N.A.'s foreclosure action constituted debt collection activity. See Roban v. Marinosci Law Grp., No. 14-60296-CIV, 2014 WL 3738628 (S.D. Fla. July 29, 2014), Rotenberg v. MLG, P.A., No. 13-CV-22624-UU, 2013 WL 5664886, at *2 (S.D. Fla. Oct. 17, 2013). Freire v. Aldridge Connors, LLP, 994 F.Supp.2d 1284, 1288 (S.D. Fla. 2014). Goodin et al v. Bank of America, N.A. , 3:13-cv-102-J-32JRK, (M.D. Fla June 23, 2015).

15.     On June 2, 2010, in US Bank N.A. v. Conlon, Case No. CA 09-3407 a notice of appearance as counsel for Plaintiff Conlon was filed with the Clerk of the Court by Attorney Mathew G. Mercer, Esquire, and a copy was provided to counsel for Defendant US Bank N.A.

16. Notwithstanding being on written notice that Plaintiff Conlon had retained an attorney, employees and agents of Defendant US Bank, N.A., repeatedly continued to contact Plaintiff Conlon directly on his cellular telephone in an effort to collect a debt. In addition to the written notice provided by Plaintiff's counsel, Plaintiff repeatedly orally revoked US Bank, N.A.'s permission to contact him via telephone and told the agents to stop calling.

17. On April 26, 2012, Defendant US Bank N.A., filed a Motion to file an amended complaint in US Bank N.A. v. Conlon, Case No. CA 09-3407 with a copy of the aforesaid motion provided by counsel for Defendant US Bank NA to counsel for Plaintiff Conlon.

18. On July 3, 2012, counsel for Plaintiff Conlon filed an answer to the amended complaint in US Bank, N.A., v. Conlon, Case No. CA 09-3407 and provided counsel for the Defendant US Bank N.A., with a copy of the aforesaid answer.

19. On July 10, 2012, counsel for the Plaintiff Conlon filed a notice of unavailability with the Clerk of the Court and a copy was provided to counsel for Defendant US Bank, N.A.

20. After four years of wasteful, protracted litigation and the utter failure of US Bank, N.A., to advance its case in any manner, on October 23, 2013, a Notice of Lack of Prosecution was filed in Case No. CA 09-3407 and a copy provided to counsel for Plaintiff Conlon and counsel for Defendant US Bank, N.A.

21. The Court issued an Order to Show cause to counsel for Defendant US Bank, N.A.

22. On February 20, 2014, Counsel for Plaintiff Conlon filed an affidavit with the Clerk of the Court and provided a copy to counsel for Defendant US Bank, N.A.

23. On February 21, 2014, a hearing was conducted in the case of US Bank, N.A. v. Colon, Case No. CA09-3407.

4

24.     On February 21, 2014, a Final Order of Dismissal with Prejudice was entered in the case of US Bank, N.A. v. Colon, Case No. CA09-3407. The Final Order stated in part that "this is a final and appealable final order." US Bank, N.A., did not file an appeal of the Final Order of Dismissal.

25.     On February 21, 2014, the Clerk of Court closed the case of US Bank, N.A. v. Colon, Case No. CA09-3407.

26.     Defendant US Bank, N.A., contracted with Defendant 5 Brothers to conduct property management of the Plaintiff's residence.

27.     At all times material hereto, Plaintiff Conlon maintained his residence in a manner that a reasonable person could tell that the subject property had not been abandoned.

28.     On February 28, 2014, **(just seven days after the foreclosure case was dismissed)** and without any notice to Plaintiff Conlon, Defendant 5 Brothers, at the direction and authority of Defendant US Bank, N.A., unlawfully entered Plaintiff Conlon's property.

29.     At the direction and authority of Defendant US Bank, N.A., Defendant 5 Brothers commenced breaking into the residence by smashing the locks on the house doors. Defendant 5 Brothers proceeded to re-key the locks on the house doors and seized Plaintiff Conlon's personal property and transported it to an undisclosed warehouse for resale, redistribution, and disposal.

30.     Later that day, Plaintiff Conlon was notified that there was a moving truck parked at his home and that unknown individuals were removing all of his personal property from the residence.

31.     The panicked Plaintiff arrived at his home to find the locks had been changed and unknown individuals removing all of the contents of his home.

5

32.     Plaintiff Conlon contacted the St. Johns County Sheriff's Office. Law enforcement officers were dispatched to Plaintiff Conlon's residence. The Deputy Sheriff was informed that Defendant US Bank, N.A., had retained Defendant 5 Brothers and dispatched them to the Plaintiff's residence with instructions to re-key the house and empty the house of all personal property.

33.     Defendant 5 Brothers complied with the instructions of Defendant US Bank, N.A., and emptied the house of all of Plaintiff Conlon's personal property.

34.     The contents of Plaintiff Conlon's house were not recovered nor returned to him. Plaintiff Conlon has suffered the loss of an entire household of his life's belongings. A number of items were irreplaceable and of immense emotional value, including but not limited to, the Plaintiffs military records and commendations. Other items not recovered included original family photo albums of the Plaintiff's children and Plaintiff's children's art projects and childhood treasures.

35.     Defendant 5 Brothers' actions were taken in an attempt to collect a debt owed by Plaintiff Conlon to Defendant's US Bank, N.A.

36.     Defendant US Bank, N.A., and its agent, Defendant 5 Brothers, had no legal authority to trespass onto Plaintiff Conlon's real property, break into his house; re-key the locks; and remove, relocate, and dispose of Plaintiff Conlon's personal property.

37.     Notwithstanding the aforesaid allegations, Defendant US Bank, N.A. has persisted in communicating directly with Plaintiff Conlon via his cell phone telephone commencing on or about the date of filing the foreclosure complaint on October 15, 2009, through the date of this Amended Complaint, to collect a debt despite being on actual notice since June 2, 2010 when

6

Plaintiff's attorney filed his Notice of Appearance that Plaintiff Conlon was represented by an attorney.

## COUNT ONE:  TELEPHONE CONSUMER COLLECTION PRACTICES ACT AS TO US BANK, NA.

38.     According to findings by the Federal Communication Commission ("FCC"), the Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.   Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

39.     Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

40.     The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; and In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 WL 21517583, 18 F. C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n  July 3, 2003).

41.     With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers; it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (emphasis added).

42.     Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order*, 18 FCC Rcd 14092-3 at ¶ 133.

43.     Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. See generally, *Griffith v. Consumer Portfolio Serv., Inc.,* No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

44.     The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.*, 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

45.     The TCPA has a four-year statute of limitations pursuant to 28 U.S.C. § 1658. *Stern v. Bluestone*, 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't., 2008).

46.     Verbal instructions to cease collection calls apply to the TCPA and thus effectively revoke any prior consent the caller may have had. *See Osorio v. State Farm Bank, FSB*, No. 13-10951 (11th Cir. Mar. 28, 2014).

47.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, using any automatic

telephone dialing system or an artificial or prerecorded voice, and not legally permitted under any provision of the aforementioned statute.

48.     Since the Plaintiff revoked consent on June 2, 2010, the Defendant has been continuously telephoning the Plaintiff on his cellular phone.

49.     Plaintiff is informed and believes, and thereupon alleges, that the calls placed to Plaintiff's cellular telephone which were made with an automatic telephone dialing system, as evidenced by the characteristic period of "dead air" that Plaintiff experienced prior to the calling party coming onto the line.

50.     The Plaintiff has repeatedly told the Defendant to stop calling him. Despite being on notice of being represented by an attorney and orally revoking permission to call his cell phone, the Defendant has persisted communicating directly with the Plaintiff.

51.     Despite being on notice that the Plaintiff was represented by counsel and its' permission to contact him had been revoked, Defendant, or another party acting on its behalf, placed a call and left a message using an automatic telephone dialing system or an artificial or pre-recorded voice on Plaintiff's cellular telephone.

52.     Plaintiff is informed and believes, and thereupon alleges, that Defendant relies heavily on the use of automatic telephone dialing systems for contacting customers in connection with loss mitigation and collection efforts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.   Statutory damages for each violation of the TCPA;

b. Statutory damages for each knowing or willful violation of the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

d. Attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

## COUNT TWO: FLA. CONSUMER COLLECTION PRACTICES ACT AS TO US BANK, N.A.

Plaintiff Conlon re-alleges paragraphs one (1) through thirty-seven (37) above as if fully set forth herein and alleges:

53. This is an action for damages for violation of the "Florida Consumer Collection Practices Act as to US Bank, N.A." (FCCPA) (Fla. Stat. §§559.55 to 559.785).

54. Defendant US Bank, N.A. instructed its agent, Defendant 5 Brothers, to enter Plaintiff Conlon's real property, forcibly enter the premises and change the locks, and remove all of Plaintiff Conlon's personal property.

55. Pursuant to instructions from Defendant US Bank, N.A., Defendant 5 Brothers entered Plaintiff Conlon's real property without his consent or permission.

56. Pursuant to instructions from Defendant US Bank, N.A., Defendant 5 Brothers forcibly entered the premises and changed the locks, and took possession of all of Plaintiff Conlon's personal property.

57. None of Plaintiff Conlon's personal property was recovered or returned to him. On information and belief, Defendant US Bank, N.A., and its agent, Defendant 5 Brothers, financially benefited by the unlawful distribution and disposal of Plaintiff Conlon's personal property.

58. The actions of Defendant 5 Brothers, as an agent of Defendant US Bank, N.A.,

were conducted in an attempt to collect a debt.

59.     The actions of Defendant US Bank, N.A., in contacting Plaintiff Conlon directly by telephone, when he was represented by counsel, before, during, and after the Final Order of Dismissal cited above, in an effort to collect a debt, violated the Florida Consumer Collection Practices Act [hereinafter referred to as "FCCPA"].

60.     The actions of Defendant US Bank, N.A., is, was subject to, and has violated provisions of Section 559.72, Florida Statutes, including:

(a) "[w]illfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family." Section 559.72(7), Florida Statutes.

(b) "[a]ssert the existence of some other legal right when such person knows that the right does not exist." Section 559.72(9).

(c) "Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." Section 559.72(18).

61.     The illegal and abusive actions of Defendant US Bank, N.A. as described above were the direct and proximate cause of emotional distress to Plaintiff Conlon and caused him unnecessary personal strain in his relationships as well as with other family members.

62.     Plaintiff Conlon has suffered actual damages as a result of the activities of Defendant US Bank, N.A., in the form of loss and destruction of property in an amount in excess of fifteen thousand dollars ($15,000.00), for anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal property.

11

63.    As a result of violations of the FCCPA by Defendant US Bank, N.A., Plaintiff Conlon is entitled to actual damages of his personal property in an amount in excess of fifteen thousand dollars ($15,000) together with statutory damages in an amount up to one thousand dollars ($1,000.00), court costs and an award of a reasonable attorney's fee.

64.    The FCCPA, section 559.77, Florida statutes, provides that a Court may award punitive damages as well as equitable relief to Plaintiff Conlon such an enjoining further illegal collection activity.

65.    Plaintiff has retained the undersigned attorney for the purpose of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services.  The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Conlon respectfully requests that judgment be entered against Defendant US Bank, N.A.

(a). For an award of actual damages pursuant to Section 559.77, Florida Statutes, against Defendant US Bank, N.A., and for Plaintiff;

(b). For an award of statutory damages of one thousand dollars ($1,000.00) pursuant to Section 559.77, Florida Statutes, against Defendant and for Plaintiff US Bank, N.A.;

(c). For an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77, Florida Statues, against Defendant and for Plaintiff US Bank, N.A.; and

(d). For such other relief as this Court deems just and proper.

12

## COUNT TWO: FCCPA VIOLATIONS 5 BROTHERS

Plaintiff Conlon re-alleges paragraphs one (1) through paragraph thirty-seven (37) above as if fully set forth herein, and further states:

66.     This is an action for damages in violation of the Florida Consumer Collection Practices Act, (FCCPA) Section 559.55 to 559.785, Florida Statutes.

67.     At the direction of Defendant US Bank, N.A., Defendant 5 Brothers trespassed and took possession of the entire contents of Plaintiff Conlon's home without his knowledge or consent.

68.     Defendant 5 Brothers unlawfully seized and took possession of the entire personal contents of Plaintiff Conlon's house and relocated the items including, but not limited to, family heirlooms and military records and citations to an unknown location where it was distributed in a manner that financially benefited both Defendant 5 Brothers and Defendant US Bank, N.A.

69.     Defendant 5 Brothers' unlawful activities were conducted in an attempt to collect a debt owed by Plaintiff Conlon to Defendant US Bank, N.A.

70.     After breaking into Plaintiff Conlon's house and changing the locks, removing and disposing all of the personal property and items of the house, Defendant 5 Brothers is, was subject to, and has violated the provisions of Section 559,72, Florida Statutes: by

(a) "[w]illfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family," Section 559.72(7);

(b)"[a]ssert the existence of some other legal right when person knows that the right does not exist," Section 559.72(9).

71.     Defendant 5 Brothers collection activities as more fully described above were the

13

direct and proximate cause of emotional distress on the part of Plaintiff Conlon and caused him unnecessary personal strain in his relationships, as well as with other family members.

72.     Plaintiff Conlon has suffered actual damages as a result of the collection activities by Defendant 5 Brothers in the form of loss and destruction of personal property in excess of fifteen thousand dollars ($15,000.00), for anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, among other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

73.     As a result of Defendant 5 Brother's violation of the FCCPA, Plaintiff Conlon is entitled to actual damages and statutory damages in an amount up to one thousand dollars ($1,000.00) and reasonable attorney's fees and costs pursuant to Section 559.77, Florida Statutes.

74.     Additionally, Section 559.77, Florida Statutes, provides a court may award punitive damages as well as equitable relief to Plaintiff to enjoin further illegal collection activity.

75.     Plaintiff has retained the undersigned attorney for the purpose of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Conlon demands judgment against Defendant 5 Brothers and for Plaintiff for:

(a) For an award of actual damages pursuant to Section 559.77, Florida Statutes, against Defendant 5 Brothers and for Plaintiff;

(b) For an award of statutory damages of one thousand dollars ($1,000.00) pursuant to

Section 559.77, Florida Statutes, against Defendant 5 Brothers and for Plaintiff;

(c) For an award of costs of litigation and reasonable attorney's fees pursuant to Section

559.77, Florida Statues, against Defendant 5 Brothers and for Plaintiff; and

d) For such other relief as this Court deems just and proper.

## COUNT THREE: UNFAIR AND DECEPTIVE TRADE PRACTICE BY 5 BROTHERS

Plaintiff Conlon re-alleges paragraphs one (1) through paragraph thirty-seven (37) above as if fully set forth herein, and further states:

76.     This is an action for damages in violation of the Florida Deceptive and Unfair Trade Practices Act, Section 501.201 to 501.213, Florida Statutes.

77.     The Legislature enacted FDUTPA "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2), Fla. Stat. (2010). The act declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204(1), Fla. Stat. (2010). "Trade or commerce" is defined as:

> [T]he advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. "Trade or commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity.

§ 501.203(8), Fla. Stat. (2010).

78.     Defendant 5 Brothers committed an unfair and deceptive act or practice by the entry onto the property, the breaking into the premises, and the subsequent removal and disposal of

Plaintiff Conlon's personal property when it did not have any legal rights or court order for such conduct.

79.     By its conduct, Defendant 5 Brothers caused actual damages to Plaintiff Conlon in an amount in excess of fifteen thousand dollars ($15,000.00).

80.     Plaintiff Conlon has retained the undersigned attorney for purposes of pursing this matter against Defendant 5 Brothers and is obligated to pay said attorney a reasonable fee for his services. The Florida Deceptive and Unfair Trade Practices Act, Section 501.2105, Florida Statutes, provides for an award of attorney's fees should Plaintiff prevail in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Conlon demands judgment against Defendant 5 Brothers and for Plaintiff Conlon and for:

(a) or an award of actual damages pursuant to Section 501.203 et seq., Florida Statutes, against Defendant 5 Brothers and for Plaintiff;

(b) for an award of costs of litigation and reasonable attorney's fees pursuant to Sections 501.203 and 501.2105, Florida Statues, against Defendant 5 Brothers and for Plaintiff; and

(c) For such other relief as this Court deems just and proper.

**COUNT FOUR: TRESSPASS BY US BANK, N.A., AND 5 BROTHERS**

Plaintiff Conlon re-alleges paragraphs one (1) through paragraphs thirty-seven (37) above as if fully set forth herein, and further states

81.     Defendant US Bank, N.A., hired Defendant 5 Brothers to conduct property management on Plaintiff Conlon's property.

16

82.     Defendant US Bank, N.A., instructed its agent, Defendant 5 Brothers, to conduct management services on real property with US Bank, N.A. mortgage, or as an assignee, of a mortgage on real property in Florida. On or about February 28, 2014, one or more employees of Defendant 5 Brothers, entered the property of Plaintiff Conlon located at 120 Crooked Trail, St. Augustine, Florida 32086. [hereafter referred to as the "subject property"] and removed all of Mr. Conlon's personal property contained within the subject property.

83.     The agents, employees, and/or contractors of Defendant 5 Brothers did not have Plaintiff Conlon's permission to enter the subject property.

84.     At the time the agents, employees, and/or contractors of Defendant 5 Brothers entered the Plaintiff Conlon's property, no Court of law had entered a judgment in a foreclosure action with respect to the subject property.

85.     The agents, employees, and/or contractors of Defendant 5 Brothers who entered the subject property had no legal right to enter the property.

86.     On or about February 28, 2014, Plaintiff Conlon returned to the subject property and found that the locks to his residence had been changed; an entire household of personal property had been removed from his home; and the personal property disposed of at an unknown location.

87.     The entire contents of Plaintiff Conlon's house have been removed and disposed of without any notice to him. The contents of the house have not been recovered.

88.     All of Plaintiff Conlon's personal items within his residence were taken by agents, employees, or contractors of Defendant 5 Brothers and possessed and distributed or sold for the financial benefit of Defendant 5 Brothers and Defendant US Bank, N.A.

17

89.     The personal items removed by Defendant 5 Brothers included irreplaceable family heirlooms; military service records and commendations; and photographs of Plaintiff Conlon's activities and service to his country.

90.     The wrongful entry unto the subject property by Defendant 5 Brothers at the instruction of US Bank, N.A., constituted trespass upon the rights and property of Plaintiff Conlon.

91.     Plaintiff Conlon suffered damages as a result of the trespass.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant US Bank, N.A., and 5 Brothers and for Plaintiff Conlon for:

(a)   an award of damages for trespass for Plaintiff Conlon and against Defendant US Bank, N.A., and Defendant 5 Brothers and for Plaintiff; and

(b)   other relief as this Court deems just and proper.

## COUNT FIVE CONVERSION US BANK, N.A., AND 5 BROTHERS

Plaintiff Conlon re-alleges paragraphs one (1) through paragraph thirty-seven (37) above as if fully set forth herein, and further states

92.     Defendant US Bank, N.A. instructed Defendant 5 Brothers to enter the subject property and remove all of the personal property contained within the subject property. The agents, employees, and/or contractors of Defendant 5 Brothers did not have Plaintiff Conlon's permission to enter the subject property.

18

93.     On or about February 28, 2014, one or more employees, agents, and/or contractors of Defendant 5 Brothers, entered the property of Plaintiff Conlon located at 120 Crooked Trail, St. Augustine, Florida 32086. [Hereafter referred to as the "subject property"].

94.     The employees, agents, and/or contractors of Defendant 5 Brother took possession of the entire contents of Plaintiff Conlon's house and disposed of his personal property without any notice to him. The contents of the house have not been recovered. Plaintiff Conlon made a demand to Defendants for return of his property. Defendants US Bank, N.A., and 5 Brothers refused and continue to refuse to acknowledge that the personal property was taken; describe the circumstances in which the personal property was taken; or make any arrangements for the return of the personal property.

95.     All of the Plaintiff Conlon's personal items within the residence were taken by agents, employees, or contractors of Defendant 5 Brothers at the direction and instruction of US Bank, N.A., and possessed and distributed or sold for the financial benefit of Defendant 5 Brothers and/or Defendant US Bank, N.A.

96.     Defendant 5 Brothers took possession of irreplaceable family heirlooms; military service records and citations, family photo albums, and personal belongings in an attempt to deprive Plaintiff Conlon.

97.     The unlawful activities of Defendant 5 Brothers in wrongfully taking possession and disposing of Plaintiff Conlon's personal property deprived him of his personal property of a value in excess of fifteen thousand dollars ($15,000.00).

19

98.     Plaintiff Conlon made a demand on Defendant 5 Brothers and Defendant US Bank, N.A. for the return of his personal property and defendants 5 Brothers and US Bank, N.A. have refused to do so.

99.     The unlawful activities of Defendants 5 Brothers and US Bank, N.A., deprived Plaintiff Conlon of his right of possession to which he is entitled and constituted conversion.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant US Bank, N.A., and Defendant 5 Brothers and for Plaintiff; for:

(a) an award of damages for conversion against Defendant US Bank, N.A., and Defendant 5 Brothers and for Plaintiff; and

(b) such other relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                                        **MAX HUNTER STORY PA**

                                        /s/ Max Story_____
                                        Max Story, Esquire
                                        Florida Bar No. 0527238
                                        328 2nd Avenue North
                                        Jacksonville Beach, FL 32202
                                        Telephone: (904) 372 – 4109
                                        Facsimile: (904) 758-5333
                                        max@storylawgroup.com

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2016, I electronically filed the foregoing with Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Max Story, Esquire
**MAX STORY, ESQ.**
Florida Bar No. 527238

21