UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWARD PAUL CONLON,

    Plaintiff,

v.                                                      CASE NO. 3:16-cv-379-J-20JBT

U.S. BANK, N.A., and FIVE BROTHERS
MORTGAGE COMPANY SERVICES AND
SECURING INC.,

    Defendants.
_____/

FIVE BROTHERS MORTGAGE COMPANY
SERVICES AND SECURING INC.,

    Third Party Plaintiff,

v.

CAMERON SECURING & LAWN CARE,
LLC, and DANNON D. SMITH,

    Third Party Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**THIS CAUSE** is before the Court following the Court's Show Cause Order (Doc. 32), Five Brothers Mortgage Company Services and Securing Inc.'s ("Five Brothers") Response thereto (Doc. 34), and the Court's Order directing Five Brothers to file a supplemental memorandum (Doc. 37). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Third Party Complaint (Doc. 14) be **DISMISSED without prejudice** because Five Brothers has not shown good cause, pursuant to Federal Rule of Civil Procedure 4(m), for failing to timely serve the Third Party Complaint. The undersigned further recommends that a discretionary extension of time for effectuating service of the Third Party Complaint is not warranted under the circumstances presented.

**I.    Background**

On March 31, 2016, Defendant U.S. Bank, N.A. removed the case from state court to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 1.) On July 1, 2016, Defendant Five Brothers filed a Third Party Complaint against Cameron Securing & Lawn Care, LLC ("Cameron LLC") and Dannon D. Smith. (Doc. 14.) On August 26, 2016, Five Brothers filed a Return of Non-Service as to Cameron LLC (Doc. 16) and thereafter attempted to serve Cameron LLC through the Secretary of State on September 27, 2016 (Doc. 18). Five Brothers never filed proof of service upon Mr. Smith. On February 23, 2017, Five Brothers filed a Request for Entry of Clerk's Default (Doc. 30) against Cameron LLC, which the Court denied (Doc. 32).

Regarding service on Cameron LLC, the Court determined that "[t]he Return of Non-Service [did] not show 'reasonable diligence' in attempting to locate Mr. Cameron or anyone else who might be properly served before serving the Secretary of State." (*Id.* at 2.) The Court also *sua sponte* raised the issue of service on Mr. Smith. As to Mr. Smith, the Court stated that "[p]ursuant to Rule 4(m), service on the Third Party Defendants was due no later than September 29, 2016," and "[n]o proof of service has yet been filed regarding Mr. Smith." (*Id.* at 3.) Given that the Third Party Complaint was filed on July 1, 2016, and Five Brothers had yet to effectuate proper service upon Cameron LLC or file proof of service upon Mr. Smith, the Court ordered Five Brothers to show cause in writing why the Third Party Complaint should not be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), for failure to timely serve the Third Party Defendants and for failure to prosecute pursuant to Rule 3.10(a) of the Local Rules of the United States District Court for the Middle District of Florida. (*Id.*)

On March 9, 2017, Five Brothers responded to the Show Cause Order. Although the undersigned concluded that Five Brothers had not shown good cause for failing to timely serve the Third Party Complaint and was prepared to recommend dismissal on that basis, the undersigned provided Five Brothers with an opportunity to address whether any circumstances existed that would warrant a discretionary extension of the service deadline, notwithstanding the lack of good cause ("Second Order") (Doc. 37). Pursuant to the Second Order, Five Brothers

was given until March 31, 2017 to file a supplemental memorandum. (*Id.*) To date, it has failed to do so.

## II. Standard

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs,* 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks omitted) (alteration in original).

If a plaintiff fails to show good cause for its failure to timely serve a defendant, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282. Circumstances that may warrant granting an extension of time include whether "the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case or direct that service be effected within a specified time." *Id.; See also Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1133 (11th Cir. 2005) (holding "that Rule 4(m) grants discretion to the district court

4

to extend the time for service of process even in the absence of a showing of good cause").

**III. Analysis**

**A. Mr. Smith**

In response to the Show Cause Order, Five Brothers claimed that it "has not been able to locate [Mr. Smith] because he has actively avoided service by providing false information." (Doc. 34 at 4.) Specifically, Five Brothers stated:

> [T]he process server attempted service at 635 Longcrest Lane, Orange Park, Florida 32065 on July 14, 2016. The Process server was informed that the resident just moved out. On July 21, 2016 the process server attempted another address believed to be associated with Smith, 8041 Colonnade Ct E, Jacksonville, Florida 32244 without success. The process server called Smith who led the process server to believe he lived at 635 Longcrest Lane. On July 23, 2016 the process server returned to 635 Longcrest Lane and found someone else at the home that was not Smith. Smith would not answer his phone after the failed attempt to serve him at 635 Longcrest Lane.

(*Id.*) Five Brothers concluded that Mr. Smith's "deliberate attempts to avoid service is good cause to extend the time for service." (*Id.* at 4.)

To support its claims that Mr. Smith was evading service, Five Brothers attached emails between its counsel and Orange Legal, which appears to be a process server. (Doc. 34-2.) In July, Orange Legal informed Five Brothers that it could not serve Mr. Smith at the provided address and offered to "do a basic skip trace for $50" or a "comprehensive skip trace for $135." (*Id.* at 2.) Five Brothers responded with another address and phone number for the process server to try.

5

(*Id.* at 6.) That address did not work either. (*Id.* at 7.) On August 1, 2016, Orange Legal emailed Five Brothers' counsel, stating in part: "We've made multiple attempts and made multiple phone calls. Do you have any other address or information to assist with this being served?" (*Id.* at 8.) On August 5, 2016, Five Brothers responded: "I understand we will serve the secretary of state as a means of serving Cameron. What did we decide on Dannon Smith?" (*Id.*) This was the most recent email attached to the Response.

In the Second Order, the undersigned concluded that:

> It is clear from the emails that Five Brothers knew service could not be completed through the two addresses it provided to the process server approximately 60 days before the 90-day service deadline expired. Five Brothers does not explain why it failed to take any additional steps to locate and serve Mr. Smith during the next 60 days, or even during the five months that followed the service deadline. Based on the emails attached to the Response, it appears that Five Brothers never responded to the process server's July inquiry about performing a skip trace to locate Mr. Smith, and that once Mr. Smith stopped answering his phone Five Brothers stopped trying to locate him. Moreover, Five Brothers did not request an extension of time to serve Mr. Smith until it was prompted to do so by the Court's Order to Show Cause entered on March 3, 2017. In addition, Five Brothers is a Third Party Plaintiff in this case, a Case Management and Scheduling Order was entered on June 6, 2016, and multiple deadlines are imminent. (*See* Docs. 12, 29, 36.)
>
> Additionally, Five Brothers' common law indemnity claim against Mr. Smith "is subject to a four year statute of limitations." *Smith v. Casey*, 1:12-cv-23795-UU, 2015 WL 11201163, at *2 (S.D. Fla. Jan. 27, 2015) (citing Fla. Stat. § 95.11(3)(p)). Therefore, it appears that the statute of limitations would not bar Five Brothers' claim against

6

> Mr. Smith if refiled. S*ee also Scott & Jobalia Const. Co., Inc. v. Halifax Paving, Inc. for Use & Benefit of U.S. Fid. & Guar. Co.*, 538 So. 2d 76, 79 (Fla. Dist. Ct. App. 1989) ("It is well established that the statute of limitations does not begin to run in indemnity cases until the indemnitee has paid a judgment, or has made a voluntary payment of its legal liability to an injured party.").[1]

(Doc. 37 at 5–6.)

Notwithstanding Five Brothers' failure to show good cause for an extension of time to serve Mr. Smith, the undersigned provided Five Brothers with an opportunity to address any other circumstances that might warrant a discretionary extension of time. *See Lepone-Dempsey,* 476 F.3d at 1281. However, Five Brothers failed to file a response to the Second Order. Therefore, the undersigned recommends that Five Brothers has not shown good cause for an extension of time to effectuate service on Mr. Smith, and that a discretionary extension of time for doing so is not warranted under the circumstances presented.

### B. Cameron LLC

Five Brothers did not attempt to show good cause for its failure to timely perfect service on Cameron LLC. Instead, Five Brothers maintained that its service on Cameron LLC through the Secretary of State was proper under section 48.062(1), Florida Statutes.

---

[1] Moreover, Plaintiff's claims against Five Brothers, and the basis for its indemnity claims, are based on conduct that allegedly occurred in February 2014. (*See* Doc. 2 at 5–6.)

Section 48.062(1) provides that process against a limited liability company ("LLC") may be served on the LLC's registered agent. If service cannot be made on the LLC's registered agent, process may be served on a member, manager, or designated employee as set forth in section 48.062(2). "If, after reasonable diligence, service of process cannot be completed under subsection (1) or subsection (2), service of process may be effected upon the Secretary of State as agent of the limited liability company as provided for in s. 48.181." Fla. Stat. § 48.062(3). "The [Florida] supreme court has stated that the reasonable diligence a plaintiff must exhibit before effecting substituted service consists of employing knowledge that is at the plaintiff's command, making diligent inquiry, and exerting an honest and conscientious effort that is appropriate to the circumstances to acquire the information necessary to effect service on the defendant." *Twin Oaks Villas, Ltd. v. Joel D. Smith, L.L.C.*, 79 So. 3d 67, 71 (Fla. Dist. Ct. App. 2011) (citing *Grammer v. Grammer,* 80 So. 2d 457, 460–61 (Fla. 1955)). *See also Coastal Capital Venture, LLC v. Integrity Staffing Sols., Inc.*, 153 So. 3d 283, 285 (Fla. Dist. Ct. App. 2014).

In its Response, Five Brothers argued that it "exercised reasonable diligence to serve Cameron [LLC] as required by the statute." (Doc. 34 at 3.) In support, Five Brothers stated that Cameron LLC violated section 605.0113(1), Florida Statutes, by failing to continuously maintain a registered office, and Five Brothers was therefore permitted to serve a manager of Cameron LLC. (*Id.*) Defendant reasoned that because Russell Cameron is both the registered agent and the sole

8

manager of Cameron LLC, and because "[t]he principal address, mailing address, and registered agent address are all identical . . . there was no other address or information to attempt to locate Mr. Russell." (*Id.* at 3.) Defendant also stated that "the fact that Mr. Cameron's business is likely performed entirely out of a truck, makes it nearly impossible to locate his whereabouts, as the business is mobile." (*Id.*)

In the Second Order, the Court concluded that:

> Cameron LLC's failure to update the address of its registered agent "did not negate [Five Brothers'] obligation to use more initiative to locate [Mr. Cameron]." *Twin Oaks*, 79 So. 3d at 71. Based on the Response, it appears that Five Brothers never attempted to locate Mr. Cameron before it served the Secretary of State. Five Brothers was required to employ the knowledge within its command, make diligent inquiry, and exert an honest and conscientious effort "appropriate to the circumstances to acquire the information necessary to effect service on" Cameron LLC. *Id.* One failed attempt at serving Mr. Cameron and no apparent effort to locate him does not amount to reasonable diligence as defined by the Florida Supreme Court.
>
> Moreover, Five Brothers has not attempted to show good cause for an extension of time for it to perfect service on Cameron LLC. Nor has it alleged that Cameron LLC, or Mr. Cameron, are evading service. Additionally, it appears that the statute of limitations would not bar Five Brothers' common law indemnification claim against Cameron LLC if refiled, for the same reasons that the statute of limitations would not bar a refiled claim against Mr. Smith.

(Doc. 37 at 7–8.)

Notwithstanding the determination that Five Brothers had not used reasonable diligence in serving Cameron LLC, the undersigned provided Five Brothers with an opportunity to address any other circumstances that might warrant a discretionary extension of time. *See Lepone-Dempsey,* 476 F.3d at 1281. However, Five Brothers failed to file a response to the Second Order. Therefore, the undersigned recommends that Five Brothers failed to properly serve Cameron LLC, that Five Brothers has failed to show good cause for an extension of time to effectuate service, and that a discretionary extension of time for doing so is not warranted under the circumstances presented.

## IV.  Conclusion

Based on the foregoing, the undersigned recommends that Five Brothers has not shown good cause for its failure to timely effectuate service on Mr. Smith or Cameron LLC. After considering the relevant factors, the undersigned further recommends that a discretionary extension of time for Five Brothers to effect service on the Third Party Defendants is not warranted under the circumstances presented.

Accordingly, it is respectfully **RECOMMENDED** that:

The Third Party Complaint (**Doc. 14**) be **DISMISSED without prejudice**.

**DONE AND ENTERED** at Jacksonville, Florida, on April 13, 2017.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Harvey E. Schlesinger
United States Senior District Judge

Counsel of Record